EVELYN BARR ET AL. *v.* THE FIRST TAXING DISTRICT
OF THE CITY OF NORWALK

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 7—decided March 1, 1960

*Robert B. Seidman,* with whom was *Sidney Vogel,* for the plaintiffs.

*Harry H. Hefferan, Jr.,* with whom was *Fred L. Griffin,* for the defendant.

BALDWIN, C. J. Three plaintiffs brought this action against the defendant, alleging that they are

residents of Norwalk residing outside of the territorial limits of the defendant and are residential customers of the waterworks which the defendant owns and operates in the part of the city where the defendant has the exclusive franchise for supplying water. The plaintiffs alleged further that the rates charged them by the defendant are substantially higher than the residential rates charged customers living within the boundaries of the defendant and are unreasonably discriminatory; that the plaintiffs have paid the rates under duress and through mistake; and that the rates were fixed by the defendant without proper public notice and hearing as required by statute. The plaintiffs sought temporary and permanent injunctions restraining the defendant from discriminating against them and those similarly situated, and repayment of the amounts overcharged. Before any further pleadings were filed, the parties entered into a stipulation for a reservation to this court for advice upon certain stated questions.[1] Unlike the usual reservation containing questions which, when answered, are, practically

[1] "(1) May the commissioners set rates for residential customers located within the City of Norwalk but outside the geographical limits of the defendant district which are higher than the rates charged residential customers within the said district, without a reasonable basis for such difference?

"(2) May the commissioners set rates for residential customers located within the City of Norwalk but outside the defendant district without having first held a duly warned public hearing at which such customers had an opportunity to be heard concerning such rates?

"(3) If the power of the commissioners to set water rates has been exceeded in the respect set forth in question (1) hereof, does the Court of Common Pleas have authority, in a proper case, to determine whether such rates are with or without reasonable basis for such difference?

"(4) If the answers to (1) and (3) are 'yes,' does such Court have authority, within its statutory limits, to order the commissioners to charge a specific rate to such outer-area customers?"

speaking, dispositive of the litigation, this reservation propounds questions which the parties think are likely to arise in the trial of the case after the pleadings are closed. Apparently the case is to be tried in any event. The reservation is merely ancillary to the case rather than dispositive of it. Whether all or any of the precise questions propounded will arise in the trial is admittedly speculative and uncertain. Nevertheless, the reservation was approved by the court.

General Statutes § 52-235 provides that questions of law may be reserved for the advice of this court in all cases in which an appeal could lawfully be taken were judgment rendered. Section 469 of the Practice Book provides that no reservation will be entertained in an action which is not ready for final judgment unless the questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case and "it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action." See *Burton* v. *Hartford,* 144 Conn. 80, 86, 127 A.2d 251; *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213, 218, 21 A.2d 383; Maltbie, Conn. App. Proc., p. 288. This court is not bound to entertain a reservation, and whether it will do so rests in its discretion. *Greenwich Trust Co.* v. *Brixey,* 117 Conn. 663, 664, 166 A. 918; *New Haven* v. *New Haven Water Co.,* 132 Conn. 496, 516, 45 A.2d 831; Maltbie, loc. cit. A trial court cannot, by a reservation, compel action by this court. *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819; *Husted* v. *Mead,* 58 Conn. 55, 66, 19 A. 233. While a reservation of questions of law can, in an appropriate case, promote "simplicity, directness and economy of judicial action," it does not necessarily

follow that a case which appears to present an unusual factual situation or involve a number of legal issues should be reserved.

"[I]t is certain that the statute [now § 52-235] did not contemplate, and ought not to be construed to permit, that every question which a trial court may encounter in the progress of a cause, much less every one which it may anticipate that it may encounter, might be brought here at once upon its being either met or scented from afar, and its determination had for the guidance of the trial court. Such a practice would inevitably result in this court being called upon to formulate principles of law which would never enter into the determination of a cause, to formulate such principles in an abstract form suited to more or less general application and not as related to a concrete state of facts and narrowed and simplified by such relation, to create a mass of dicta embodying statements of abstract general principles which might some day rise up to harass judicial action, and to unnecessarily multiply the number of appearances in this court which an action might have before final disposition was made of it. We do not, however, wish to be understood as saying that no reservation ought to be made or entertained until the case is ready for final judgment. Situations . . . may well arise where such action would be in the interest of simplicity, directness and economy in judicial action. Such situations, however, will be those exceptional ones where the advantages resulting from such proceeding are manifest and distinct, and the question upon which advice is asked is one which will quite certainly enter into the determination of the cause." *Hart* v. *Roberts,* 80 Conn. 71, 74, 66 A. 1026.

In the instant case, a proper pleading addressed

to the complaint would have raised at once the legal question whether the Court of Common Pleas had jurisdiction to entertain the action and afford the relief sought by the plaintiffs. This legal issue is one propounded, but only indirectly, by two of the questions posed in the reservation. The other questions are such as might readily become academic, or if not, could be passed upon to much better advantage if the cause was tried and the facts fully developed. *Burns* v. *Seymour,* 141 Conn. 401, 406, 106 A.2d 759; *Claffey* v. *Bergin,* 121 Conn. 695, 697, 183 A. 16; *Harrison* v. *Harrison,* 96 Conn. 568, 570, 114 A. 681; Maltbie, Conn. App. Proc., pp. 288, 289. We see no assurance whatever that answers to the questions propounded would simplify, expedite or economize judicial action.

For the foregoing reasons, we refuse to answer the questions reserved.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.