WILLIAM E. HOBLITZELLE, 3d, ET AL. v. ROGER J. FRECHETTE ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

254 

Argued February 9—decided March 14, 1968

*Robert I. Berdon,* with whom, on the brief, was *David D. Berdon,* for the plaintiffs.

*Sonja Goldstein* and *Leander C. Gray,* for the defendants Kelly et al.

*Thomas F. Keyes, Jr.,* for the named defendant et al.

ALCORN, J. The issue presented by this reservation concerns the applicability of the so-called Minority Representation Statute, § 9-167a of the General Statutes (Rev. to 1964), to an election of the board of aldermen of the city of New Haven held on November 7, 1967, under the direction of the United States District Court for the district of Connecticut.

Before reaching a consideration of the issues principally argued before us, we are confronted with a jurisdictional question of substance. A trial court or judge cannot confer jurisdiction on this court merely by reserving questions for our advice. *Potter* v. *Appleby,* 136 Conn. 641, 643, 73 A.2d 819. We do not entertain a reservation in an action which is not ready for final judgment unless the questions presented are such as are, in our opinion, reasonably certain to enter into the decision of the case and it appears that their determination would be in the interest of simplicity, directness and economy of judicial action. Practice Book § 738; *Barr* v. *First Taxing District,* 147 Conn. 221, 223, 158 A.2d 740.

The present case is brought pursuant to § 9-328 of the General Statutes (Rev. to 1964). The statute is designed to accomplish an efficient and expeditious procedure for reviewing the results in municipal elections held under state law. *Scully* v. *Westport,* 145 Conn. 648, 652, 145 A.2d 742; *Meigs* v. *Theis,* 102 Conn. 579, 598, 129 A. 551. The pertinent portions provide that "[a]ny person claiming to have

been elected to any municipal office, . . . but not to have been declared so elected, or any candidate for any such office claiming to have been aggrieved by any ruling of the moderator at an election for any such office, or any such candidate claiming that there has been a mistake in the count of votes cast for any such office at any such election, may . . . bring his complaint to any judge of the superior court, in which he shall set out the claimed errors of the moderator or the claimed errors in the count." The statute then requires the judge to hold a prompt hearing and "if he finds any error in the rulings of the moderator or any mistake in the count of the votes" to certify the result of his finding or decision to the secretary of state. The statute provides that the judge's certificate "shall be final and conclusive upon all questions relating to errors in the ruling of such moderators and to the correctness of such count, and shall operate to correct the returns of such moderators or presiding officers" to conform to his finding or decision. The statute specifies that it "shall not affect the right of appeal to . . . [this court] for the *reservation* of questions arising thereon, and it shall not prevent such judge from reserving such questions of law, by consent of all parties" for our advice. [Emphasis added.] We note in passing that, for at least fifty years, in predecessors of the statute, the word "revision" appears instead of the word "reservation", which we have italicized. 1955 Sup. § 806d; Rev. 1949, § 527; Rev. 1930, § 294; Rev. 1918, § 282. The statute is one element in the state's exercise of its political powers over the conduct of elections held pursuant to state law. The purpose is to determine the result of the election, its legality and fairness. *Meigs* v. *Theis,* supra, 593, 594. Approved practice requires

that a judgment file be drawn and filed and that the certificate of election based upon the judgment be issued under the seal of the court. *Bedard* v. *Cunneen,* 111 Conn. 338, 340, 149 A. 890; *Denny* v. *Pratt,* 104 Conn. 396, 398, 133 A. 107. Finally, the statute authorizes the issuance of a writ of mandamus to enforce the decision.

Acting under this statute, ten plaintiffs who stood for election at the November, 1967, aldermanic election in New Haven brought their complaint to a judge of the Superior Court, naming, as defendants, the chief moderator of the election, the town clerk and ten candidates of the opposing party.

The complaint alleged, in substance, that the election was held on an at-large basis in accordance with orders of the United States District Court for the district of Connecticut; that thirty aldermen were to be elected; that thirty Democratic candidates, each of whom received a larger number of votes than any Republican candidate, were declared elected by the moderator; that the ten plaintiffs received the highest number of votes of any of the Republican candidates; that the Minority Representation Statute, § 9-167a of the General Statutes (Rev. to 1964),[1] required that the plaintiffs, who had polled the highest number of votes among the Republican candidates, should have been declared elected instead of the ten defendants who had polled

---

[1] "Sec. 9-167a. MINORITY REPRESENTATION. (a) The maximum number of members of any board, commission, committee or similar body of the state or any political subdivision thereof, whether elective or appointive, except any such board, commission, committee or body whose members are elected on the basis of a geographical division of the state or such political subdivision, who may be members of the same political party shall be as specified in the following table: . . .

More than 9 . . . . . . . . . . . . . . . . . Two-thirds of total membership."

the lowest number of votes among the Democratic candidates and who were declared elected.

The parties stipulated to reserve the case for our advice upon seven questions printed in the footnote.[2] From the stipulation of facts, it appears that the status of the plaintiffs and of those defendants who were candidates at the election, as well as the result of that election, was as we have already stated in

---

[2] "The Questions on which advice is desired are as follows:

"1. Can Section 9-167a of the Connecticut General Statutes be interpreted to apply by its terms to aldermanic elections in the City of New Haven?

"2. If the answer to question 1 is 'yes', does such interpretation render said statute unconstitutional as so applied, as being violative of the provisions of the United States Constitution, in particular the equal protection clause of the Fourteenth Amendment of said Constitution?

"3. Can said Section 9-167a be interpreted to apply to an election in the City of New Haven for Aldermen-at-large, held in pursuance to the June 8, 1967 order of the U.S. District Court, District of Connecticut?

"4. If the answer to question 3 is 'yes', does such interpretation render said statute unconstitutional as so applied, as being violative of the provisions clause of the Fourteenth Amendment of said Constitution?

"5. Is Section 9-328 of the Connecticut General Statutes under which plaintiffs are attempting to proceed in the instant suit, the appropriate method of enforcing Section 9-167a of the Connecticut General Statutes?

"6. Did defendant Joseph Gianelli's failure to accede to the demand made upon him on October 20, 1967 (See Stipulation of Facts, Paragraphs 23-24) or to take any other action in accordance with the provisions of subsection (b) of Section 9-167a, Connecticut General Statutes make it incumbent upon plaintiffs either themselves or through their representative, George Montano, to take further action, legal or otherwise, to ensure compliance with the provisions of said subsection (b) prior to said election of November 7, 1967 as a prerequisite to the post-election relief they seek in the instant suit?

"7. If the answer to question 6 is 'no', would the award of such relief be unconstitutional as violative of the provisions of the United States Constitution, in particular the equal protection clause of the 14th Amendment of said Constitution?"

summarizing the allegations of the petition and that the only other parties are the defendant town clerk and the defendant chief moderator. The other stipulated facts material to the issue which we deem to be conclusive we set forth as follows.

The city of New Haven is a municipal corporation chartered by the state of Connecticut. Prior to March 24, 1966, the charter divided the city into thirty-three wards and provided that one alderman should be elected from each ward at an election held on the first Tuesday after the first Monday in November in odd numbered years. On January 14, 1966, seven persons, claiming to be registered voters and residents of New Haven, brought an action in the United States District Court for the district of Connecticut against the mayor, the town clerk, and the board of aldermen of the city of New Haven. Only one of those persons is a plaintiff in the present case. So far as the record discloses, no defendant in that case is a defendant in the present case except the town clerk. The complaint in that action alleged that the plaintiffs were suffering discrimination offensive to the fourteenth amendment to the constitution of the United States because of the unequal population of the districts from which members of the board of aldermen were elected.

On March 24, 1966, the District Court decided that the New Haven aldermanic voting districts were unconstitutionally apportioned and ordered that condition corrected before the next municipal election. On the motion of the defendants in that case, a stay, until June 1, 1966, was ordered to allow redistricting in accordance with the judgment. A redistricting plan was then proposed by a charter revision commission appointed by the city, but it was rejected by the board of aldermen on August

18, 1966. Legislation was then enacted by the General Assembly and approved by the governor on March 17, 1967, redistricting the city into thirty wards.

On June 8, 1967, the District Court declared the ward boundaries established by this legislation to be unconstitutional and void "to the extent that said provision imposes limitations upon equality of population between the voting districts as a basis for the election of members of the Board of Aldermen." The judgment enjoined the defendants in that case "from doing any act or taking any step in furtherance of nominating or holding elections of members of the Board of Aldermen of the city of New Haven . . . [or] from certifying or in any other manner declaring that the results of any such nominations or elections are valid or that the Board of Aldermen of the City of New Haven is properly or legally constituted, unless *either* (a) all members of the Board of Aldermen are nominated and elected from the City of New Haven at large, *or* (b) all members of the Board of Aldermen are nominated and elected pursuant to a redistricting of the Board of Aldermen to be effected promptly by adoption of an appropriate ordinance by the Board of Aldermen pursuant to CONN. GEN. STAT. ch. 99, § 7-187 et seq., altering the boundaries of the voting districts so that the voting rights of plaintiffs in the choice of members of the Board of Aldermen as guaranteed by the Equal Protection Clause of the fourteenth amendment of the United States Constitution will not be impaired." The judgment provided that it should be effective immediately and should apply to the election to be held on the first Tuesday after the first Monday of November, 1967, "as well as to all elections of members of the Board of Aldermen

thereafter." Finally, the judgment provided "[t]hat jurisdiction of this action is retained for the entry of such further orders or judgments by the Court as may be necessary and appropriate."

On July 18, 1967, the plaintiffs filed a motion requesting the appointment of a special master to formulate a plan for redistricting which the District Court denied on July 26, 1967.

Following the final judgment of June 8, 1967, from which no appeal was taken, the defendants in that case made a motion for clarification of the judgment which the District Court granted on July 26, 1967, stating: "Without amending or modifying the aforesaid original judgment, it is the ruling of the Court that § 9-167a of the 1958 Revision of the Connecticut General Statutes does not apply to the election of a legislative body, such as the New Haven Board of Aldermen, but only to administrative boards, commissions, committees and similar bodies. It does not apply to the 1967 election-at-large of the New Haven Board of Aldermen, as ordered by this Court."

On August 10, 1967, the District Court issued an "order executing judgment", reciting that it appeared impossible to accomplish a redistricting in time for the 1967 election. Therefore, in order to execute and carry out the alternative specified in the June 8, 1967, final judgment, the court ordered, adjudged and decreed: "1. That there shall be thirty (30) Aldermen in the City of New Haven, as provided for in Cities and Boroughs Bill No. 1787. 2. That candidates for the position of aldermen shall be nominated to run on a City wide at-large basis according to the statutes of the State of Connecticut, but not otherwise inconsistent with this order or the aforesaid judgment, and subject to any

further orders of this Court, at the New Haven Municipal election to be held at New Haven on the first Tuesday after the first Monday of November, 1967. 3. That the aldermen so nominated shall run at large, on a City wide basis at said election, and that the thirty (30) aldermanic candidates who receive the highest number of votes cast shall be elected as aldermen for the term from January 1, 1968, to December 31, 1969, or until further order of this Court. 4. That the provisions of this order shall be effective immediately upon the entry hereof and shall apply to the election of members of the Board of Aldermen scheduled for the first Tuesday after the first Monday of November, 1967. 5. All steps and procedures in the nomination and election of aldermen shall be reported to this Court for its approval. Political parties (as defined by Section 9-372, CONN. GEN. STAT., REV. 1958, as amended) shall nominate and endorse their candidates to the Board of Aldermen in the same manner as they nominate and endorse their candidate for mayor. 6. That jurisdiction of this action is retained for the entry of such further orders by the Court as are necessary to insure a proper and valid election."

Thereupon the plaintiffs in that case appealed to the United States Court of Appeals for the Second Circuit from the denial, on July 26, 1967, of the plaintiffs' motion for the appointment of a special master; from the granting, on July 26, 1967, of the defendant's motion for clarification of judgment in which it was held that "§ 9-167a of the 1958 Revision of the Connecticut General Statutes" did not apply to the election; and from the order executing judgment, on August 10, 1967, that thirty aldermen should be elected, that the candidates should be nominated to run on an at-large basis subject to

further order of the court and that the thirty alder-
manic candidates receiving the highest number of
votes cast should be elected.

On that appeal the United States Court of Ap-
peals directed, on October 5, 1967, that the District
Court judgment be modified by striking out the
ruling concerning the applicability of the minority
representation statute and be affirmed as modified.
The United States Court of Appeals stated, in part:
"[T]he ruling on the question of the applicability
of the Connecticut Minority Representation Statute
to such an at-large election in the court's orders of
July 26 and August 10 seems to us premature. The
applicability of the minority representation statute
to legislative rather than administrative bodies has
apparently never been dealt with by the Connecti-
cut courts. Since the statute does not concern itself
with the manner in which the election is to be con-
ducted, but rather concerns itself with the method
by which votes are to be counted in determining the
winners in an election, there is no necessity for a
federal court to determine its applicability at this
time, even though it would of course be helpful if
the question were resolved. . . . We feel therefore
that determination of whether the minority repre-
sentation statute is intended to apply to a local gov-
erning body with legislative powers such as the New
Haven Board of Aldermen should be allowed to be
presented by the parties, if at all possible, to the
courts of the State. This is not to say that the
district court lacked jurisdiction to determine the
question. Rather, that in light of the circumstances,
it erred by prematurely exercising the jurisdiction
that it admittedly had. . . . Of course, if the deter-
mination of the election officials is taken to the Con-
necticut courts for review and if the Connecticut

courts, on a full record, determine that the statute is applicable to an at-large election of the New Haven Board of Aldermen, and that as so applicable it meets or does not meet federal constitutional requirements, and the parties then raise substantial question as to the constitutionality of the statute so interpreted, resort to the federal courts with respect to the question of the constitutionality of the application of the statute is not foreclosed by this decision. . . . This action has been pending in the district court since January of 1966. That court should retain jurisdiction in order to insure that the efforts to obtain a fair redistricting, by appropriate legislation, either local or state, be continued to a successful conclusion, without undue delay. In the event that the parties fail in those efforts, the court should consider appointing a special master, or taking other such suitable measures." *Montano* v. *Lee,* 384 F.2d 172, 175 (2d Cir.).

It thus appears that two cases are pending, each with different parties and a different subject matter, the one in the United States District Court and the one now before us on this reservation. It further appears that the election ordered in the first case, the legality and fairness of which the plaintiffs in the case before us would test under § 9-328 of the General Statutes (Rev. to 1964), is not an election held under state law but, instead, is a sui generis election held at the direction of, and under the supervision of, a federal court. The District Court has adjudged that thirty aldermen were to be elected in New Haven, that the candidates were to be nominated to run at-large under state statutes not inconsistent with the court's order or judgment and subject to any further orders of the court, and that all steps and procedures in both nomination and elec-

tion were to be reported to the court for its approval. Jurisdiction has been retained by the District Court for the entry of such further orders by the court as may be necessary to ensure a proper and valid election, and the judgment applies, as well, to all future aldermanic elections in New Haven. The clear import of the District Court judgment is to assert complete direction and control of all aspects of the nomination and election of New Haven aldermen. The plaintiffs in that case chose to invoke the jurisdiction of the District Court, and that court assumed jurisdiction even though the state courts were equally open to entertain the case. *Scott* v. *Germano*, 381 U.S. 407, 409, 85 S. Ct. 1525, 14 L. Ed. 2d 477. It is neither our province nor our wish, in this proceeding, to consider the assumption, the scope or the result of the exercise of that jurisdiction.

It is in the face of that previously acquired federal jurisdiction, however, that we are now asked, by other parties, in another action, to declare, under a statute designed to review municipal elections held under state law, what persons should be declared to be the winners of that federally mandated election. We believe that the United States Court of Appeals has recognized the uniqueness of the circumstances in stating that the opinion of the state courts should be sought "if at all possible." It is the law of the case now pending in the District Court, as announced by the Court of Appeals, that the District Court has jurisdiction to decide the basic questions presented to us in the present case. It is the law of that case that any answer by us to the questions asked in the present action would be inconclusive on the District Court in the exercise of its retained jurisdiction.

The first two questions reserved, which seek an answer to the applicability and constitutionality of § 9-167a of the General Statutes (Rev. to 1964) in New Haven aldermanic elections in general, and the fifth question as to the efficacy of § 9-328 in enforcing § 9-167a in general obviously refer to elections held under state law. The remaining questions require both an interpretation of the extent and effect of the District Court judgment and the determination of resulting rights arising under the constitution of the United States. The circumstances closely resemble those with which this court was confronted in *Spector Motor Service, Inc.* v. *Walsh,* 135 Conn. 37, 61 A.2d 89. That case involved an issue over the state's right to tax the net income received from business done in Connecticut by a foreign corporation which was engaged in interstate commerce and carrying on business in this state. The plaintiff in that case had brought a prior action in the United States District Court for the district of Connecticut seeking, among other relief, a declaratory judgment that the Connecticut taxing statute, as applied to it, violated the constitution of the United States. That case eventually reached the United States Supreme Court, which held that, until certain questions as to the interpretation and application of the statute were first determined by the Connecticut courts, the constitutional issue could not be decided in the federal courts. The District Court was therefore directed to retain the case pending determination of proceedings to be brought with reasonable promptness in the Connecticut court. *Spector Motor Service, Inc.* v. *McLaughlin,* 323 U.S. 101, 65 S. Ct. 152, 89 L. Ed. 101. The plaintiffs then brought an action for a declaratory judgment in the Superior Court, which held, in part, that, as applied

to the plaintiff, the statute was unconstitutional under the constitution of the United States. On appeal from that judgment, this court said (p. 70): "The trial court should not have decided whether the Corporation Business Tax Act was in violation of the United States constitution, because that question, as we have stated, is still before the federal courts for decision."

We discern no distinction between the basic premise there announced and the present one. Indeed, in the present case these plaintiffs would not only have us decide a federal constitutional question over which the District Court has retained jurisdiction but also would have us determine whether the broad terms of the judgment of that court are to be affected by a state statute, a question which, under the circumstances of this case, the United States Court of Appeals has said is a question for ultimate solution by the federal courts.

The reservation of a question which is reasonably certain to enter into the final decision of a case is proper. *Carroll* v. *Socony-Vacuum Oil Co.*, 136 Conn. 49, 52, 68 A.2d 299. No such certainty is present in this case. Were we to answer the questions propounded it would be the duty of the trial judge to conform his decision accordingly. General Statutes § 52-235. If effect were then to be given to § 9-328 of the General Statutes (Rev. to 1964), under which the present action is brought, that judgment would be conclusive, and the trial judge would be empowered, if the decision were in favor of these plaintiffs, to issue his writ of mandamus requiring the appurtenances of the office of alderman to be delivered to them. Such a result, affecting the rights of persons whose election is still pending and undetermined within the jurisdiction of the District

Court, is unthinkable and could only lead to confusion, conflict of jurisdiction, and further litigation. "Situations have arisen and may well arise where . . . [a reservation] would be in the interest of simplicity, directness and economy in judicial action. Such situations, however, will be those exceptional ones where the advantages resulting from such proceeding are manifest and distinct, and the question upon which advice is asked is one which will quite certainly enter into the determination of the cause." *Hart* v. *Roberts,* 80 Conn. 71, 75, 66 A. 1026.

The New Haven aldermanic election of November, 1967, is solely a creature of the United States District Court. The question of what candidates were elected is that court's prerogative to determine. Furthermore, that court obtained original jurisdiction and has expressly retained jurisdiction to decide the question.

We must refuse to answer the questions reserved.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.