George J. MONTANO et al., Plaintiffs,

v.

Richard C. LEE, Mayor, et al.,
Defendants.

Civ. A. No. 11238.

United States District Court
D. Connecticut.

April 24, 1968.

MEMORANDUM OF DECISION

CLARIE, District Judge.

This matter is before the Court pursuant to an order to show cause issued April 3, 1968. It seeks, among other things, that the petitioners be made party plaintiffs in Civil Action No. 11,238 pending in this Court. It also requests that of the thirty Democratic aldermen declared elected on November 7, 1967, in the at-large aldermanic election ordered by the Court in the City of New Haven, the ten of that party's nominees who received the least number of votes, together with the chief moderator of the election and the Town Clerk of said City should be made party defendants in this action. It asks further that the ten Republican candidates who received the highest number of votes among their party nominees should be declared elected, even though the total vote of each was less in number than any of the thirty Democratic nominees already declared elected. That part of petitioners' motion which asks that the Court cite into the case the necessary party plaintiffs and defendants is granted; the remainder of the motion and relief sought, is denied.

A recapitulation of all the facts and prior proceedings from the origin of this action is not essential for a final determination of the present issue. On June 18, 1967, the Court entered judgment finding unconstitutional and invalid a Special Act of the Connecticut General Assembly (Cities and Boroughs Committee Bill #1787, 33 Sp.Acts 1967, p. 20) dated March 17, 1967, which attempted to reapportion the ward population of the City of New Haven according to federal constitutional standards. The Court filed a supplemental ruling on July 26, 1967, clarifying the judgment, wherein it stated that § 9–167a, Conn. Gen.Stat., (Rev.1958) did not apply to the 1967 election-at-large of the New Haven Board of Aldermen, as ordered by the Court.

On August 10, 1967, the Court's order executing judgment read in part:

"1. That there shall be thirty (30) Aldermen in the City of New Haven, as provided for in Cities and Boroughs Bill No. 1787.

"2. That candidates for the position of aldermen shall be nominated to run on a City wide at-large basis according to the statutes of the State of Connecticut, but not otherwise incon-

sistent with this order or the aforesaid judgment, and subject to any further orders of this Court, at the New Haven Municipal election to be held at New Haven on the first Tuesday after the first Monday of November, 1967. "3. That the aldermen so nominated shall run at-large, on a City wide basis at said election and that the thirty (30) aldermanic candidates who receive the highest number of votes cast shall be elected as aldermen for the term from January 1, 1968, to December 31, 1969, or until further order of this Court.

\* \* \* \* \* \*

"6. That jurisdiction of this action is retained for the entry of such further orders by the Court as are necessary to insure a proper and valid election."

The plaintiffs appealed from this judgment and on October 5, 1967, the United States Court of Appeals for the Second Circuit affirmed the District Court's judgment, except to strike its ruling on the applicability of the Connecticut Minority Representation Statute § 9–167a, as being a premature exercise of the Court's jurisdiction; and recommended that the question should first be passed upon by the Courts of the state. Montano v. Lee, 384 F.2d 172, 174 (2 Cir. 1967).

At the city election held on November 7, 1967, thirty Democratic candidates, each of whom received a larger number of votes than any Republican candidate, were declared elected by the moderator. The ten nominees of the Republican slate of aldermen, who had polled the highest number of votes on their party slate (being the same ten nominees who have been cited into this action) then commenced a suit in the state Superior Court claiming that the moderator should have declared them to have been elected. The case was reserved for the advice of the Connecticut Supreme Court.

The Supreme Court, after a hearing on the issue, ruled in part:

"(Said election) is not an election held under state law but, instead, is a sui generis election held at the direction of, and under the supervision of, a federal court. The District Court has adjudged that thirty aldermen were to be elected in New Haven, that the candidates were to be nominated to run at-large under state statutes *not inconsistent with the court's order or judgment* and subject to any further orders of the court, and that all steps and procedures in both nomination and election were to be reported to the court for its approval. Jurisdiction has been retained by the District Court for the entry of such further orders by the court as may be necessary to insure a proper and valid election, and the judgment applies, as well, to all future aldermanic elections in New Haven. The clear import of the District Court judgment is to assert complete direction and control of all aspects of the nomination and election of New Haven aldermen \* \* \* (italics added).

"The New Haven aldermanic election of November, 1967, is solely a creature of the United States District Court. The question of what candidates were elected is that court's prerogative to determine. Furthermore, that court obtained original jurisdiction and has expressly retained jurisdiction to decide the question." Hoblitzelle v. Frechette, 156 Conn. 253, 240 A.2d 864.

Article III., § 3, New Haven Charter, prior to the commencement of this litigation, specifically established thirty-three territorial subdivisions or wards. XV., § 38 thereof, provided that there should be one alderman from each ward.[1] The charter made no provision for minority party representation, nor did any state statute require that it should.

The newly amended charter consistently followed the same pattern of multiple territorial sub-divisions or wards,

---

1. Plaintiffs' Exhibit 1A.

except that it reduced the number from thirty-three to thirty. It maintained no requirement for minority party representation. Prior to the recent municipal election, the Court made clear, that the candidates receiving the highest number of votes cast would be declared elected; it stated further that state statute § 9–167a was not applicable to the at-large election specially ordered by the Court.

The plaintiffs now request that they be given one-third of the membership in this municipal legislative body, because of the Court's ordering an at-large election. Such action would require that the Court reverse its prior rulings made before the election and unseat one-third of the elected membership of that body. The natural consequence of this action would be to render all of the acts of that body since January 1, 1968 illegal, because of the absence of the minority party members.[2]

The Connecticut Supreme Court simplified the issues in this case, when it described the aldermanic election of November, 1967, as a sui generis election; one which was the creature of the United States District Court and not subject to all the ordinary state election law procedures. Unquestionably, it is a unique situation and one not likely to reoccur. If the newly appointed charter revision committee should fail in the performance of its duties, the Court has already named a master, who will constitutionally carry out this task promptly under the Court's supervision. The restoration of ward elected representatives would thus eliminate completely and permanently any claim to minority representation. When the judiciary is required to act in order to enforce constitutional requirements in a state chartered municipality, its interference should be exercised with great restraint, so as not to unnecessarily interfere with the normal function of government, as prescribed by state legislative authority.

"The justiciability of the present claims being established, any relief accorded can be fashioned in the light of well-known principles of equity." Baker v. Carr, 369 U.S. 186, 250, 82 S.Ct. 691, 727, 7 L.Ed.2d 663 (1962) (Douglas, J., concurring).

In the light of the state Supreme Court's decision, it is not necessary that this Court discuss the statutory and constitutional issues raised. Having reviewed the stipulation of facts[3], all of the exhibits, memoranda and papers filed by the parties and heard the arguments of counsel, the Court adheres to and re-affirms its judgment of June 7, 1967, 298 F.Supp. 865, as clarified in its ruling of July 26, 1967. Petitioners' motion to cite in necessary party plaintiffs and defendants is granted; the remainder of their motion and prayer for relief is denied. An order shall enter accordingly.

---

2. Plaintiffs' counsel: "(I)f we should be proved to be correct that minority representation does apply, and ten Republicans were duly elected, I don't think any of the actions of the aldermen that occurred from January 1 to-date would be legal. * * *"

