UNITED TECHNOLOGIES CORPORATION *v.* JOHN G. GROPPO, COMMISSIONER OF REVENUE SERVICES

NORDEN SYSTEMS, INC. *v.* JOHN G. GROPPO, COMMISSIONER OF REVENUE SERVICES
(12604)

LANDAU, HEIMAN and SPEAR, Js.

Argued May 4—decision released June 6, 1994

*Charles H. Lenore,* with whom, on the brief, was *Laura J. Foltz,* for the appellants (plaintiffs).

*Paul M. Scimonelli,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

HEIMAN, J. This appeal comes to us on a reservation of legal issues pursuant to General Statutes § 52-235[1] and Practice Book § 4147.[2] The stipulation of the parties[3] presents two questions for the advice of this court: "1. Is the purchase pursuant to a cost-reimbursement type contract between the plaintiffs and the United States government, where title to the goods passes to the United States government prior to the

---

[1] General Statutes § 52-235 provides: "(a) The superior court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the supreme court or appellate court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the supreme court or the appellate court."

[2] Practice Book § 4147 provides in pertinent part: "A reservation shall be taken . . . to the appellate court from those cases in which an appeal could have been taken directly . . . to the appellate court . . . had judgment been rendered. . . .

"All questions presented for advice shall be specific and shall be phrased so as to require a Yes or No answer.

"The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action. . . ."

[3] This case in the trial court was a consolidated case. The plaintiff in one case was United Technologies Corporation and in the other case was Norden Systems, Inc. John G. Groppo is the defendant in both cases.

use of the property, exempt from sales and use tax? 2. Is the purchase of services which are otherwise enumerated under General Statutes § 12-407 (2) (i), in order to fulfill, or in support of, cost-reimbursement type contracts between the plaintiffs and the United States government, exempt from sales and use tax?'' In lieu of a full hearing on the reserved questions, we ordered the parties to show cause why we should not decline to answer the reserved questions as an improper reservation.

The parties stipulated to the following facts. At all times relevant to this action, the plaintiffs were engaged in business in Connecticut and subject to the Connecticut Sales and Use Tax Act. General Statutes § 12-407 et seq. At all times relevant to this case, the plaintiffs were parties to cost-reimbursement type contracts with the United States government. From July 1, 1981, through June 30, 1985,[4] the plaintiffs purchased tangible personal property and services from vendors to fulfill government contracts. Under the government contracts, title to any property shipped to the plaintiffs for which the plaintiffs were reimbursed as a direct item of cost under the contract passed to and vested in the United States government. The use of the property by the plaintiffs was limited to the performance of the government contracts. The purchase orders used by the plaintiffs to make purchases under the contracts from vendors identified the number of the government contract under which the purchase was made and stated that the United States government has the right to inspect and test all goods being purchased. The services purchased under the contracts were also reimbursed by the United States government.

The defendant's position prior to July 1, 1982, was that the purchases of tangible personal property and

---

[4] These dates represent the period of time in which the tax has been assessed.

services by the plaintiffs under the contracts were not subject to the Connecticut Sales and Use Tax Act. See *United Aircraft Corp.* v. *Connelly,* 145 Conn. 176, 140 A.2d 486 (1958); *Avco Mfg. Corp.* v. *Connelly,* 145 Conn. 161, 140 A.2d 479 (1958). On June 21, 1982, the defendant changed its position on the taxability of these purchases. On the basis of *United States* v. *New Mexico,* 455 U.S. 720, 102 S. Ct. 1373, 71 L. Ed. 2d 580 (1982), the defendant stated that, commencing July 1, 1982, all purchases of tangible personal property or taxable services made in performing government contracts would be subject to the Connecticut sales and use tax, except for specifically exempted property. See State Tax Rep. (Conn.) (1982 CCH) ¶ 200–214.

On April 2, 1986, after an audit by the defendant, the defendant assessed the plaintiffs $2,200,237.25 for unpaid taxes, excluding interest. On April 30, 1986, the plaintiffs filed a petition for reassessment contesting the assessment pursuant to General Statutes § 12-418. On July 24, 1986, the defendant determined that no basis existed for any revision of the assessment. On August 22, 1986, the plaintiffs filed an appeal in the trial court pursuant to General Statutes § 12-422. On June 11, 1993, the trial court approved this stipulation for reservation.

A trial court cannot compel this court to render advisory type opinions by the simple expedient of reserving questions to this court that do not meet the criteria set forth in General Statutes § 52-235 and Practice Book § 4147. *Gianetti* v. *Norwalk Hospital,* 211 Conn. 51, 55–56, 557 A.2d 1249 (1989); *Hoblitzelle* v. *Frechette,* 156 Conn. 253, 255, 240 A.2d 864 (1968); *Barr* v. *First Taxing District,* 147 Conn. 221, 223–24, 158 A.2d 740 (1960). "General Statutes § 52-235 provides that questions of law may be reserved for the advice of this court in all cases in which an appeal could lawfully be taken were judgment rendered. Section [4147] of the Prac-

tice Book provides that no reservation will be enter-
tained in an action which is not ready for final judg-
ment unless the questions presented are such as are,
in the opinion of the court, reasonably certain to enter
into the decision of the case and 'it appears that their
present determination would be in the interest of sim-
plicity, directness and economy of judicial action. . . .'
This court is not bound to entertain a reservation, and
whether it will do so rests in its discretion. . . . While
a reservation of questions of law can, in an appropri-
ate case, promote 'simplicity, directness and economy
of judicial action,' it does not necessarily follow that
a case which appears to present an unusual factual sit-
uation or involve a number of legal issues should be
reserved." (Citations omitted.) *Barr* v. *First Taxing
District,* supra, 223–24; *Gianetti* v. *Norwalk Hospital,*
supra, 55–56; *Hoblitzelle* v. *Frechette,* supra, 255.

" '[I]t is certain that the statute [now § 52-235] did
not contemplate, and ought not to be construed to per-
mit, that every question which a trial court may encoun-
ter in the progress of a cause, much less every one
which it may anticipate that it may encounter, might
be brought here at once upon its being either met or
scented from afar, and its determination had for the
guidance of the trial court. Such a practice would
inevitably result in this court being called upon to for-
mulate principles of law which would never enter into
the determination of a cause, to formulate such prin-
ciples in an abstract form suited to more or less gen-
eral application and not as related to a concrete state
of facts and narrowed and simplified by such relation,
to create a mass of dicta embodying statements of
abstract general principles which might some day rise
up to harass judicial action, and to unnecessarily mul-
tiply the number of appearances in this court which an
action might have before final disposition was made of
it. We do not, however, wish to be understood as say-

ing that no reservation ought to be made or entertained until the case is ready for final judgment.' " *Barr* v. *First Taxing District,* supra, 147 Conn. 224. " 'Situations have arisen and may well arise where . . . [a reservation] would be in the interest of simplicity, directness and economy in judicial action. Such situations, however, will be those exceptional ones where the advantages resulting from such proceeding are manifest and distinct, and the question upon which advice is asked is one which will quite certainly enter into the determination of the cause.' " *Hoblitzelle* v. *Frechette,* supra, 156 Conn. 268; *Barr* v. *First Taxing District,* supra, 224; see also *Commission on Human Rights & Opportunities* v. *Greenwich Catholic Elementary School System, Inc.,* 202 Conn. 609, 615, 522 A.2d 785 (1987); *Duggins* v. *H.N.S. Management Co.,* 34 Conn. App. 863, 644 A.2d 376 (1994). Further, "[t]his court cannot find facts, nor, in the first instance, draw conclusions of facts from primary facts found, but can only review such findings to see whether they might legally, logically and reasonably be found." *Wiegert* v. *Pequabuck Golf Club, Inc.,* 150 Conn. 387, 391, 190 A.2d 43 (1963).

The reservation does not satisfy the criteria for us to answer the reserved questions. First, this case requires us to determine a factual issue. The parties stipulate that the United States government gains title to the items and services purchased by the plaintiffs. The plaintiffs argue that this stipulation requires a finding, as a matter of law, that the sales and use tax is illegal on the basis of our Supreme Court decisions in *United Aircraft Corp.* v. *Connelly,* supra, 145 Conn. 176, and *Avco Mfg. Corp.* v. *Connelly,* supra, 145 Conn. 161. In *United Aircraft* and *Avco,* the defendant[5] argued that the imposition of the sales and use tax was legal because the sales and use tax was levied on the government contractor, not the government. *United*

---

[5] As here, the defendant in both cases was the tax commissioner.

*Aircraft Corp.* v. *Connelly,* supra, 179–82; *Avco Mfg. Corp.* v. *Connelly,* supra, 171. In these decisions, our Supreme Court relied on the federal case law prevailing at the time. The United States Supreme Court, at that time, enunciated an agency test to determine whether a state tax violated the supremacy clause. *Kern-Limerick, Inc.* v. *Scurlock,* 347 U.S. 110, 74 S. Ct. 403, 98 L. Ed. 546 (1954); *Alabama* v. *King & Boozer,* 314 U.S. 1, 62 S. Ct. 43, 86 L. Ed. 3 (1941); see U.S. Const., art. VI. If an agency relationship was found to exist between the contractor and the government, then the tax on the contractor violated the supremacy clause. U.S. Const., art. VI; *Kern-Limerick, Inc.* v. *Scurlock,* supra, 110; *Alabama* v. *King & Boozer,* supra, 1. Our Supreme Court applied the federal test and determined that the facts found by the trial court required a finding that the contractor was an agent of the federal government. Since these Connecticut decisions, the United States Supreme Court revisited the test for determining whether a state imposed tax violates the supremacy clause. *United States* v. *New Mexico,* supra, 455 U.S. 720. The new test to be applied is whether "the levy falls on the United States itself, or on an agency or instrumentality so closely connected to the [g]overnment that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." Id., 735. In applying this test, the United States Supreme Court looked to several facts found by the trial court to determine whether the trial court had before it sufficient evidence to find that the tax did not violate the Supremacy Clause. The court considered that (1) the contractor purchased the materials in its own name, (2) the contractor was liable to the vendors, (3) the vendors were not informed that the government was the only party with an interest in the purchase, (3) the contractor need not have obtained advance authorization for purchases

and (4) the government disclaimed any intention to denominate the contractor as purchasing agent. Id., 743. Further, the court stated: "It is true that title passes directly from the vendor to the Federal Government, but that factor alone cannot make the transaction a purchase by the United States, so long as the purchasing entity, in its role as a purchaser, is sufficiently distinct from the Government." Id. The court also stated that "immunity may not be conferred simply because the tax has an effect on the United States, or even because the Federal Government shoulders the entire economic burden of the levy." Id., 734.

The determination of whether the contractor is the purchaser of the goods is, in the first instance, a finding of fact based on, but not limited to, the factors enumerated by the United States Supreme Court. The parties' stipulation provides some of the factors to be considered in reaching this determination. This court cannot, however, find facts. See *Wiegert* v. *Pequabuck Golf Club, Inc.,* supra, 150 Conn. 391. In order to answer the questions presented, we must determine the status of the parties from the facts stipulated. Since this exercise requires a factual determination, we cannot entertain the questions presented.

Second, our answers to the reserved questions are not reasonably certain to enter into the decision of the case because, after we determine the answer to the questions, further inquiry may be required by the trial court. In the stipulation, the parties concede that, if we answer the second question no, the purchases of services under the contracts are not exempt from the sales and use tax, the trial court must then make a further determination of whether the services rendered are those enumerated as exempt from the tax in General Statutes § 12-407 (2) (i) (A) through (GG). If the trial court determines that the services rendered are exempt under General Statutes § 12-407 (2) (i) (A)

through (GG), then our answer to the reserved questions would never enter into the determination of the cause. See *Hoblitzelle* v. *Frechette,* supra, 156 Conn. 268; *Barr* v. *First Taxing District,* supra, 147 Conn. 255. Thus, there is no reasonable certainty that the answers would enter into the determination of the trial court. Further, if the answer to the second question is no, the determination would complicate the matter, in effect thwarting the purpose of the reservation procedure. See *Barr* v. *First Taxing District,* supra, 225.

Third, this case does not present such an exceptional situation "where the advantages resulting from [deciding the reservation] are manifest and distinct." *Hoblitzelle* v. *Frechette,* supra, 156 Conn. 268. The possibility of any advantage following our decision of the reserved questions is tenuous because the answer to the second question may complicate the trial court proceedings. Further, the case is a tax appeal that, although involving a large sum of money, does not involve any monumental question of law. As we have stated above, the case involves a question of fact that will determine the outcome of the case. Thus, this case does not present an exceptional circumstance on which to entertain a reservation.

We decline to answer the reserved questions.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.