SHARON CAPEL *v.* PLYMOUTH ROCK
ASSURANCE CORPORATION
(AC 34524)

Gruendel, Robinson and Alvord, Js.

Argued January 15—officially released April 2, 2013

*Donald C. McPartland*, with whom, on the brief, was *Thomas G. Parisot* and *Tara L. Shaw*, for the appellant (plaintiff).

*Michael P. Mullins*, with whom, was *Joseph K. Scully*, for the appellee (defendant).

*Charles T. Lee, Rachel L. Ginsburg, Amy Bach*, pro hac vice, and *Edward J. Stein* filed a brief for United Policyholders as amicus curiae.

*Wystan M. Ackerman* and *Gerald P. Dwyer, Jr.*, filed a brief for the Insurance Association of Connecticut et al. as amici curiae.

*Opinion*

GRUENDEL, J. This appeal comes to us on a reservation of a legal issue pursuant to Practice Book § 73-1.[1] Because it is not reasonably certain to enter into the decision of the case, we decline to answer the reserved question.

The facts relevant to this appeal are gleaned from the November 18, 2009 revised complaint, the March 9, 2012 answer and the stipulation of the parties approved by the trial court on March 15, 2012. The

[1] Practice Book § 73-1 provides in relevant part: "(a) Any reservation shall be taken to the supreme court or to the appellate court from those cases in which an appeal could have been taken directly to the supreme court, or to the appellate court, respectively, had judgment been rendered. Reservations in cases where the proper court for the appeal cannot be determined prior to judgment shall be taken directly to the supreme court.

"(b) All questions presented for advice shall be specific and shall be phrased so as to require a Yes or No answer.

"(c) Before any question shall be reserved by any court, counsel shall file in that court a stipulation which shall clearly and fully state the question or questions upon which advice is desired; that their present determination by the appellate court having jurisdiction would be in the interest of simplicity, directness and economy in judicial action, the grounds for such allegation being particularly stated; that the answers to the questions will determine, or are reasonably certain to enter into the final determination of the case; and that the parties request that the questions be reserved for the advice of the appellate court having jurisdiction. The stipulation shall also designate the specific pleadings in the trial court case file which are necessary for the presentation of the question or questions sought to be reserved and shall state the undisputed facts which are essential for determination of the question or questions sought to be reserved. With the stipulation the parties shall file a joint docketing statement in the format specified in Section 63-4 (a) (4) for regular appeals. . . .

"(e) The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action. . . ."

plaintiff, Sharon Capel, as mother and next friend of Donte Capel, brought this action against the defendant insurance company, Plymouth Rock Assurance Corporation (Plymouth Rock). On May 19, 2006, a motor vehicle owned and operated by Charles Ingala struck Donte Capel, causing severe bodily injuries. Approximately one week later, Ingala's attorney provided written notice of a potential claim to Plymouth Rock. On June 7, 2006, Plymouth Rock responded that, at the time of the accident, Ingala did not have a valid insurance policy with it.[2]

The plaintiff thereafter raised a claim with Plymouth Rock in January, 2008. On January 25, 2008, Plymouth Rock denied that claim on the ground that Ingala did not have a valid insurance policy with it at the time of the accident.

The plaintiff then commenced a civil action against Ingala, of which she provided notice to Plymouth Rock. Plymouth Rock did not defend Ingala in that proceeding and declined to indemnify him in any manner. Rather, Ingala appeared pro se in that proceeding and took no action to defend himself. Accordingly, the court rendered a default judgment against him. Following a hearing in damages, the court found that the plaintiff

---

[2] The parties' stipulation acknowledges that, on February 7, 2006, Plymouth Rock issued policy number ACT 810222300 to Ingala for the period of April 1, 2006, to April 1, 2007. The limit of liability contained therein was $300,000. On March 4, 2006, Plymouth Rock mailed a bill to Ingala at his home address that (1) set forth the Plymouth Rock policy number and policy period, (2) indicated that payment was due to Plymouth Rock by April 1, 2006, and (3) listed the minimum amount due as $370.65. On April 4, 2006, Plymouth Rock cancelled Ingala's policy. Nevertheless, Plymouth Rock did not provide a statutory notice of cancellation to Ingala pursuant to General Statutes § 38a-341 and did not communicate with Ingala by any method the fact that it had cancelled the policy. On May 23, 2006, Plymouth Rock received and deposited a check from Ingala in the amount of $370.65, which was dated May 18, 2006—the day before Ingala's motor vehicle struck and injured Donte Capel. When Plymouth Rock could not match the check to an existing policy, it refunded that payment to Ingala by check dated June 8, 2006.

suffered $1,537,192 in compensatory damages. Pursuant to General Statutes § 14-295,[3] the court awarded the plaintiff double damages, thereby rendering judgment against Ingala in the amount of $3,074,384.

The plaintiff subsequently brought the present action against Plymouth Rock. In count one, the plaintiff alleges that Plymouth Rock breached its duties to defend and indemnify Ingala pursuant to a policy of insurance issued on February 7, 2006. Count two alleges that Plymouth Rock acted in bad faith and breached the covenant of good faith and fair dealing, while count three alleges estoppel. Counts four and five allege violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and the Connecticut Unfair Insurance Practices Act, General Statutes § 38a-815 et seq. Count six alleges negligent misrepresentation on the part of Plymouth Rock. Plymouth Rock's answer denied liability under all counts. In particular, the answer denied the plaintiff's allegations that it issued a policy to Ingala and that "the policy issued by [Plymouth Rock] to . . . Ingala was in full force and effect on May 19, 2006, at the time that [Donte Capel] suffered his injuries . . . ."

On March 15, 2012, the parties filed with the trial court a stipulation pursuant to Practice Book § 73-1. That stipulation set forth one question for the advice of our Supreme Court: "In a claim against Plymouth Rock for breach of contract for failure to defend and

---

[3] General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property. The owner of a rental or leased motor vehicle shall not be responsible for such damages unless the damages arose from such owner's operation of the motor vehicle."

indemnify Charles Ingala, brought by the Capels as judgment creditors, are the damages limited to the limits of the putative liability policy, $300,000?" The court at that time reserved that question "for the consideration and advice of the Supreme Court." The Supreme Court subsequently transferred the matter to this court pursuant to Practice Book § 65-1.

It is well established that "[a] trial court cannot, by a reservation, compel action by this court." *Barr* v. *First Taxing District*, 147 Conn. 221, 223, 158 A.2d 740 (1960); accord *United Technologies Corp.* v. *Groppo*, 35 Conn. App. 72, 75, 644 A.2d 1309 (1994) ("[a] trial court cannot compel this court to render advisory type opinions by the simple expedient of reserving questions to this court that do not meet the criteria set forth in General Statutes § 52-235 and Practice Book § 4147 [now § 73-1]"). Neither our Supreme Court nor this court is "bound to entertain a reservation, and whether it will do so rests in its discretion. . . . The extent to which we will entertain a reservation also rests in the discretion of this court." (Citation omitted.) *Gianetti* v. *Norwalk Hospital*, 211 Conn. 51, 56, 557 A.2d 1249 (1989).

"While a reservation of questions of law can, in an appropriate case, promote simplicity, directness and economy of judicial action, it does not necessarily follow that a case which appears to present an unusual factual situation or involve a number of legal issues should be reserved." (Internal quotation marks omitted.) *Barr* v. *First Taxing District*, supra, 147 Conn. 223–24. As our Supreme Court observed more than a century ago: "[I]t is certain that [what is now General Statutes § 52-235] did not contemplate, and ought not to be construed to permit, that every question which a trial court may encounter in the progress of a cause, much less every one which it may anticipate that it may encounter, might be brought here at once upon its being

either met or scented from afar, and its determination had for the guidance of the trial court. Such a practice would inevitably result in this court being called upon to formulate principles of law which would never enter into the determination of a cause, to formulate such principles in an abstract form suited to more or less general application and not as related to a concrete state of facts and narrowed and simplified by such relation, to create a mass of dicta embodying statements of abstract general principles which might some day rise up to harass judicial action, and to unnecessarily multiply the number of appearances in this court which an action might have before final disposition was made of it." *Hart* v. *Roberts*, 80 Conn. 71, 74, 66 A. 1026 (1907).

As a result, our appellate courts refuse to "entertain a reservation in an action which is not ready for final judgment unless the questions presented are such as are, in our opinion, reasonably certain to enter into the decision of the case and it appears that their determination would be in the interest of simplicity, directness and economy of judicial action." *Hoblitzelle* v. *Frechette*, 156 Conn. 253, 255, 240 A.2d 864 (1968). The reserved question here plainly fails to meet those criteria.

The reserved question asks this court to determine "[i]n a claim against Plymouth Rock for breach of contract for failure to defend and indemnify Charles Ingala, brought by the Capels as judgment creditors, are the damages limited to the limits of the putative liability policy . . . ." Our answer to that question is not reasonably certain to enter into the decision of the case because, as was the case in *Duggins* v. *H.N.S. Management Co.*, 34 Conn. App. 863, 866, 644 A.2d 376 (1994), the stipulation does not provide a factual predicate for the question reserved. From the outset of this litigation, Plymouth Rock steadfastly has denied the plaintiff's

allegation that it insured Ingala at the time of the accident. At oral argument before this court, counsel for Plymouth Rock stated that "there is definitely a hotly contested issue of whether the tortfeasor, Mr. Ingala, was insured." Asked specifically if he was prepared to concede that Ingala was insured by Plymouth Rock, counsel responded, "Absolutely not." Counsel for the plaintiff likewise represented at oral argument that the parties disagreed as to whether Ingala was insured, and, hence, whether a contractual relationship existed between him and Plymouth Rock.

As a result, even if we were to answer the reserved question, the trier of fact nevertheless will have to determine whether Ingala in fact was insured by Plymouth Rock prior to rendering its ultimate decision. If the trier of fact answers that query in the negative, then our answer to the reserved question "would never enter into the determination of the cause." *United Technologies Corp.* v. *Groppo,* supra, 35 Conn. App. 80. We therefore conclude that the question presented by the reservation is not, in our opinion, "reasonably certain to enter into the decision of the case . . . ." *Hoblitzelle* v. *Frechette,* supra, 156 Conn. 255; Practice Book § 73-1 (e). Distilled to its essence, the reserved question requests an advisory opinion, which we cannot provide. See *State* v. *Ross,* 237 Conn. 332, 338, 677 A.2d 433 (1996); see also *Sadlowski* v. *Manchester,* 206 Conn. 579, 583, 538 A.2d 1052 (1988) ("we do not render advisory opinions"); *Peterson* v. *Robles,* 134 Conn. App. 316, 321, 39 A.3d 763 (2012) ("we are not jurisdictionally competent to issue advisory opinions").

We decline to answer the reserved question.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.