COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
*v.* GREENWICH CATHOLIC ELEMENTARY SCHOOL
SYSTEM, INC.
(12625)
(12951)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued January 6—decision released March 24, 1987

*Deborah R. Green,* staff attorney, with whom was *Philip A. Murphy, Jr.,* commission counsel, for the appellant (plaintiff).

*Michael T. Dolan,* for the appellee (defendant).

SHEA, J. The principal issue in this appeal is whether a proceeding before the commission on human rights and opportunities (CHRO) based on an individual's complaint of age discrimination in violation of General Statutes § 46a-60 (a) (1)[1] must terminate upon the death of the complainant. We hold that it may be continued so long as the estate of the complainant seeks to pursue a claim for monetary relief to which the complainant may have been entitled.

On October 7, 1982, Ruth Marciano filed a complaint with the CHRO pursuant to General Statutes § 46a-82 (a)[2] alleging that, after twenty-four years as a teacher, she had been discriminated against because of her age. The defendant had refused to renew her employment contract on the basis of declining school enrollment while younger teachers with less experience, fewer qualifications, and briefer terms of service were retained. While this complaint was pending Ruth Marciano died, and John Marciano was approved as executor of her will. He filed an amended complaint with the CHRO on March 9, 1983, on behalf of the estate, attempting to secure any remedy to which the deceased complainant would have been entitled.

---

[1] General Statutes § 46a-60 (a) (1) provides: "It shall be a discriminatory practice in violation of this section: (1) For an employer, by himself or his agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disorder, mental retardation or physical disability, including, but not limited to, blindness."

[2] General Statutes § 46a-82 (a) provides: "Any person claiming to be aggrieved by an alleged discriminatory practice, except for an alleged violation of section 46a-68, may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission."

The CHRO on April 17, 1984, filed a petition under General Statutes § 46a-88 (a)[3] seeking an order of the Superior Court that the defendant answer certain interrogatories previously mailed to it. The defendant filed a motion to dismiss the petition on two grounds: (1) that the death of the original complainant, Ruth Marciano, deprives the CHRO of its jurisdiction; and (2) that the application of the human rights and opportunities statutes to the defendant as a church organization conflicts with the establishment clause of the first amendment to our federal constitution. The trial court on October 4, 1984, granted this motion on the first ground only, a result that made it unnecessary to address the constitutional issues raised by the second ground. On October 24, 1984, the plaintiff appealed from the dismissal of its petition.

On December 4, 1984, while this appeal was pending, the complaint before the agency was amended a second time by naming the CHRO as an additional complainant for the purpose of investigating the complaint and securing for the estate of the original complainant any remedy to which her estate might be entitled. A motion to open the judgment which had been appealed was filed on December 5, 1984, together with a stipu-

---

[3] "[General Statutes] Sec. 46a-88. ENFORCEMENT OF INTERROGATORIES. (a) Upon failure of any person to answer interrogatories issued pursuant to subsection (10) of section 46a-54, the commission may file a petition with the interrogatories attached with the superior court of the judicial district in which the violation is alleged to have occurred or where such person resides or transacts business, requesting the court to order that an answer be filed.

"(b) The commission shall cause a copy of the petition provided for in subsection (a) of this section to be sent by registered or certified mail to the person from whom such answers are sought or his legal representative.

"(c) The court shall assume jurisdiction over the proceedings provided for in this section and may, after hearing, or in the absence of objection, enter an order which it deems appropriate.

"(d) The proceedings provided for in this section shall conform to the rules of practice of the superior court."

lation of the parties for a reservation to this court of the following question: "Can the Commission retain jurisdiction over an administrative complaint, after the complainant has died and when the complaint seeks money damages, by amending the complaint to name the Commission as complainant and to seek the monetary remedy on behalf of the estate of the deceased complainant?" The trial court approved the reservation, but the record does not indicate that the motion to open the judgment on appeal has been acted upon.[4]

I

In our recent decision in *Commission on Human Rights & Opportunities* v. *Archdiocesan School Office,* 202 Conn. 601, 607–608, 522 A.2d 781 (1987), we held that, in a proceeding to obtain responses to interrogatories pursuant to General Statutes § 46a-88, a motion to dismiss could not be used to test the statutory or constitutional authority of the CHRO over the party against whom the proceeding is directed. See *In re Application of Ajello* v. *Moffie,* 179 Conn. 324, 325–26, 426 A.2d 295 (1979). The ground upon which the trial court relied in dismissing the petition in this case, however, does not implicate the issue of whether § 46a-60 should be construed to exclude the defendant from its prohibition of discriminatory employment practices. The court's conclusion that the death of the victim of the alleged discrimination terminated the jurisdiction of the CHRO over the proceeding raises only the question of whether there is any viable proceeding before the CHRO to which the interrogatories sought to be enforced would relate. We note that in *Groton* v. *Commission on Human Rights & Opportunities,* 169 Conn. 89, 101, 362 A.2d 1359 (1975), where a complainant had died during the pendency of the hearing before the

---

[4] If the trial court had granted the motion to open the judgment, the appeal from that judgment would have to be dismissed, because the right of appeal depends upon the existence of a final judgment. General Statutes § 52-263.

CHRO on his complaint, this court approved the use under similar circumstances of a motion to dismiss for the purpose of raising "the question of lack of jurisdiction."

In *Groton* it was held that the death of the complainant while the administrative proceeding was pending before the agency terminated the authority of the CHRO to proceed further on his complaint. "Upon the death of an individual complainant the tribunal is rendered powerless to issue an award in conformity with the decedent's personal complaint." Id., 100–101. The trial court relied upon *Groton* in dismissing the petition for enforcement of interrogatories. In *Groton,* however, no representative of the complainant's estate had attempted to continue the case, and no claim for relief that might have accrued to the estate had been made in the complaint. Id., 103–104 (*Cotter, J.,* concurring). Accordingly, General Statutes § 52-599, which provides generally that "[a] civil action or proceeding shall not abate by reason of the death of any party thereto," was unavailable to allow the proceeding to survive, because the statute does not apply "to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto."

In *Groton,* the complainant had sought only to become a member of an unpaid volunteer fire company, alleging no monetary loss from the denial of his application for membership. The complainant in the case before us, however, claimed that, as a result of the termination of her employment, she had suffered a reduction of pension and Social Security benefits and had incurred expenses for medical insurance that previously had been borne by the defendant as her employer. Her executor has entered the administrative proceeding by filing an amended complaint seeking any remedy to which the deceased complainant may have been entitled. We conclude, therefore, that *Groton* is plainly

distinguishable and does not resolve the issue of the survivability of the proceeding following the death of the complainant in the case before us.

"A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." General Statutes § 52-599 (a). The only exceptions to the broad sweep of this provision are those set forth in § 52-599 (c): "(1) . . . any cause or right of action or . . . any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) . . . any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants, or (3) . . . any civil action upon a penal statute." The claim of the deceased complainant before the CHRO for monetary losses resulting from the termination of her employment is not "defeated or rendered useless" by her death, because a recovery upon such a claim would enhance the value of her estate. The proceeding, moreover, does not require her continued existence for its prosecution, since her declarations relevant to the matter in issue may be admissible pursuant to General Statutes § 52-172, and other evidence relating thereto may also become available through the investigation the CHRO is attempting to conduct. It is also clear that the proceeding before the CHRO does not constitute "a civil action upon a penal statute."[5] We conclude that the deceased complainant's claim for monetary relief does not fall within any of the exceptions to the survival of actions statute and may continue to be pursued by her estate.

---

[5] General Statutes § 46a-86, which sets forth the relief that the CHRO may order upon finding that a respondent has engaged in a discriminatory practice, contains no provision authorizing the imposition of a penalty but is limited to certain compensatory relief as well as remedial orders to effectuate the purpose of the human rights and opportunities statutes.

## II

The result we have reached makes it unnecessary for us to consider the issues presented by the reservation. They are not properly before us in any event, because once the trial court had rendered its judgment of dismissal it had no authority to permit an amendment of the complaint for the purpose of seeking our advice on the reserved question. Practice Book § 3133, prior to its amendment effective October 1, 1986, provided: "The supreme court will not entertain a reservation for its advice upon questions of law arising in an action which is not ready for final judgment, unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action." Since the trial court had already rendered judgment before reserving the question, our resolution thereof could hardly "enter into the decision of the case."

There is error, the judgment of dismissal is set aside and the case is remanded to the trial court for further proceedings.

In this opinion the other justices concurred.