JACQUELINE DUGGINS *v.* H.N.S. MANAGEMENT COMPANY, INC.
(12360)

O'CONNELL, LANDAU and SCHALLER, Js.

Argued March 21—decision released June 28, 1994

*Kenneth J. Levine,* for the appellant (named plaintiff).

*William J. Melley III,* with whom, on the brief, was *Anita M. Varunes,* for the appellee (defendant).

SCHALLER, J. This case comes before us, pursuant to Practice Book § 4147,[1] by reservation of a question of law from the trial court. The reserved question is: "Whether a common carrier owned by the state of Connecticut is obligated to provide uninsured or underinsured motorist benefits pursuant to Connecticut General Statutes § 38a-336 et seq. (formerly § 38-175c), for the benefit of its passengers." We decline to answer the reserved question.

A stipulation filed pursuant to Practice Book § 4148[2] reveals that the defendant, H.N.S. Management Com-

---

[1] Practice Book § 4147 provides in pertinent part: "A reservation shall be taken to the . . . appellate court from those cases in which an appeal could have been taken directly . . . to the appellate court . . . had judgment been rendered. . . .

"All questions presented for advice shall be specific and shall be phrased so as to require a Yes or No answer.

"The court will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, reasonably certain to enter into the decision of the case, and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action. . . ."

[2] Practice Book § 4148 provides in pertinent part: "Before any question shall be reserved by any court, counsel shall file in that court a stipulation which shall clearly and fully state the question or questions upon which advice is desired; that their present determination by . . . the appellate court would be in the interest of simplicity, directness and economy in judicial action, the grounds for such allegation being particularly stated; that the answers to the questions will determine, or are reasonably certain to enter into the final determination of the case; and that the parties request that the questions be reserved for the advice of . . . the appellate court."

pany, Inc., operates under the name Connecticut Transit and is a duly authorized public service transportation company. Connecticut Transit buses are owned by the state of Connecticut, which is not a party to this action. On April 24, 1987, the plaintiff, Jacqueline Duggins, was a fare paying passenger on a Connecticut Transit bus in Hartford. A pickup truck, operated by Stefan Pagano, collided with the bus in the course of making a left-hand turn. Pagano, who was uninsured, was the party at fault. The plaintiff was not an insured under any automobile liability policy.

Pursuant to General Statutes §§ 4a-19 and 4a-20,[3] the Connecticut State Insurance Purchasing Board has never purchased uninsured motorist coverage for Connecticut Transit buses nor has Connecticut Transit, which is self-insured, filed a certificate of self-insurance. The plaintiff brought this action seeking relief including money damages, interest, and an order directing Connecticut Transit to proceed with uninsured-underinsured motorist arbitration.

This court "will not entertain a reservation for its advice upon questions of law arising in any action unless the question or questions presented are such as are, in the opinion of the court, *reasonably certain to enter into the decision of the case,* and it appears that their present determination would be in the interest of simplicity, directness and economy of judicial action." (Emphasis added.) Practice Book § 4147; see *Commission on Human Rights & Opportunities* v. *Greenwich Catholic Elementary School System, Inc.,* 202 Conn. 609, 615, 522 A.2d 785 (1987); *Hoblitzelle* v. *Frechette,* 156 Conn. 253, 255, 240 A.2d 864 (1968); *Barr* v. *First Taxing District,* 147 Conn. 221, 223, 158 A.2d 740 (1960).

---

[3] General Statutes §§ 4a-19 and 4a-20 provide for a state insurance purchasing board that has the duty to determine the methods by which the state shall insure itself against losses.

The question reserved involves the responsibility of a common carrier *owned by the state of Connecticut* to provide uninsured or underinsured motorist benefits. The stipulation of facts does not provide an adequate basis for us to conclude that an answer to the question reserved would enter into the decision of the case. A fair reading of the stipulation indicates that, in this case, the state does not own the common carrier but has merely contracted with the common carrier, H.N.S. Management Company, Inc., a private corporation doing business as Connecticut Transit, to provide bus transportation service to the public. While the state of Connecticut owns the buses, it does not own the common carrier.

The stipulation does not provide a factual predicate for the question reserved and, as a result, we are not reasonably certain that an answer to the question presented would enter into the decision in this case.

We decline to answer the reserved question.

No costs will be taxed to any party.

In this opinion the other judges concurred.