[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON SECONDCOUNT
This is an action for personal injuries by a passenger on a bus operated by H.N.S. Management Company, Inc. d/b/a Connecticut Transit (HNS), the second count seeking uninsured motorist benefit. HNS moves for summary judgment as to the second count on the ground that it was not required to maintain uninsured motorist coverage because it is owned by the State of Connecticut and entitled to its protection of sovereign immunity. Plaintiff claims that HNS is not an agency of the state but an independent contractor not entitled to the same protection which the state may have.
In Moore v. H.N.S. Management, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 360326 (June 30, 1995, Wagner, J.), the factual situation was the same as in the present case. A passenger riding on one of the defendant's buses brought suit to recover for injuries when the defendant's bus was struck by a vehicle operated by an uninsured motorist. The court found that general statutes § 38a-336 did not include the State of Connecticut as a "person" required to carry uninsured motorist coverage and granted a motion for summary judgment in favor of HNS on the assumption that HNS was an agency of the state. The question of whether the HNS was owned by or was an agent of the State, however, was not placed in issue by either party.
In Moore the court did not consider the Appellate Court decision in Duggins v. H.N.S. Management Co., 34 Conn. App. 863
(1994), where a similar plaintiff sued the same defendant when the defendant s bus was struck by a vehicle operated by an uninsured motorist. In Duggins, a question of law was reserved CT Page 2179 from the trial court to the Appellate Court as to "[w]hether a common carrier owned by the state of Connecticut is obligated to provide uninsured or underinsured motorist benefits pursuant to Connecticut General Statutes §§ 38a-336 et seq. (formerly § 38-175c), for the benefit of its passengers." Id., 864. The court found that the stipulated facts proved "the state does not own the common carrier but has merely contracted with the common carrier, H.N.S. Management Company, Inc., a private corporation doing business as Connecticut Transit, to provide bus transportation service to the public. While the state of Connecticut owns the buses, it does not own the common carrier." Id., 866. The court, therefore, refused to rule further on the issue because the question reserved was inaccurate since the defendant was not owned by the state. Id.
Under the contract between HNS and the state an agency relationship may have been created but the existence of agency is attacked by plaintiff and presents a question of fact to be determined by the trier of fact Gateway Co. v. Dinoia, 232 Conn. 223,239-240 (1995). The existence of agency raised in this case is a material fact, the existence of which precludes granting of the motion.
Motion for Summary Judgment denied.
Wagner, J.