[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
Presently before the court is the defendant's motion to strike paragraph eleven of counts one and two of the plaintiff's revised complaint dated July 30, 1999.[1] The plaintiff, Joyce Davenport, seeks uninsured motorist benefits in connection with an accident involving an uninsured vehicle and a Connecticut Transit bus. Davenport allegedly sustained personal injuries while a passenger on the Connecticut Transit bus, which, at the time, was owned by the state of Connecticut and operated by the defendant, H.N.S. Management Company, Inc. doing business as Connecticut Transit (HNS).
Before addressing the question of law presented on the defendant's motion to strike, the court addresses the defendant's improper use of the motion to strike individual paragraphs of the complaint that do not state an independent cause of action. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Zimmerman v. Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, CT Page 7627 Handy, J.); see also Cantoni v. Xerox Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 582705 (February 3, 1999, Fineberg, J.) (23 Conn.L.Rptr. 38); Bombard v. IndustryRiggers, Superior Court, Docket No. 140181 (January 5, 1998, Pellegrino,J.); Shaw v. Giannini, Superior Court, Docket No. 464645 (January 10, 1996, Arena, J.).
In paragraph eleven of counts one and two, the plaintiff alleges that HNS "either has, or should have, uninsured motorist coverage." This statement alone is not sufficient to allege a cause of action seeking uninsured motorist benefits. The paragraph makes no mention of an uninsured motorist, the fault of the respective parties nor the injuries and losses sustained which necessitate the additional benefits. Therefore, the motion to strike paragraph eleven of counts one and two is denied.
Even if paragraph eleven sufficiently alleges a cause of action for uninsured motorist benefits, the motion to strike is denied based on the sufficiency of the plaintiff's complaint in its entirety. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations." Westport Bank Trust Co. v. Corcoran, Malin Aresco,221 Conn. 490, 495, 221 A.2d 490 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 580.
HNS moves to strike paragraph eleven of counts one and two on the ground that Davenport has failed to allege sufficient facts to maintain an uninsured motorist benefits action because on the date of the incident, HNS did not carry uninsured motorist coverage, nor was it required to by law. Specifically, HNS argues that because the state of Connecticut owns the buses and HNS merely provides managerial and administrative services in the operation of the state's vehicles, Davenport must comply with the requirements of suing the state of Connecticut. See Conn. Const., art. 11, § 4; General Statutes §4-142. Davenport argues that this action has nothing to do with the state of Connecticut or its ownership of the buses. Davenport emphasizes that although the state of Connecticut owns the buses, it does not own HNS.Duggan v. H.N.S. Management Co., 34 Conn. App. 863, 866, 644 A.2d 863
(1994). Accordingly, as the common carrier operating the bus, HNS was required to carry uninsured motorist coverage. CT Page 7628
In Duggan v. H.N.S. Management Co., supra, 34 Conn. App. 863, the factual situation was the same as in the instant case. The trail court reserved a question of law to the Appellate Court as to "[w]hether a common carrier owned by the state of Connecticut is obligated to provide uninsured or underinsured motorist benefits pursuant to Connecticut General Statutes 38a-336 et seq. (formerly 38-175c), for the benefit of its passengers." Id., 864. The stipulation indicated that "the state did not own the common carrier but . . . merely contracted with the common carrier, H.N.S. Management Co., Inc. . . ." Id. The court highlighted this distinction and, accordingly, refused to rule given that the "stipulation [did] not provide a factual predicate for the question reserved," and, therefore, it was "not reasonably certain that an answer to the question presented would enter into the decision in [the] case." Id., 866.
In Blacknell-Manker v. H.N.S. Management Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 550587 (March 20, 1996, Wagner, J.), faced with the same factual situation, the court denied a motion for summary judgment finding that a material question of fact existed regarding HNS's agency status with the state of Connecticut. But see Moore v. H.N.S. Management Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 360326 (June 30, 1995, Wagner, J.) (motion for summary judgment granted where common carrier was an agency of the state and therefore not required to carry uninsured motorist coverage; ownership of the common carrier was never placed in issue by the parties). Based on Duggan and the plaintiff's attack on the existence of an agency relationship, the court held that the contract between the state and HNS may have created an agency relationship but presented a genuine question of fact and precluded the granting of the motion.
Finally, in Moore v. H.N.S. Management, Co., supra, Superior court, Docket No. 360326, based on the same facts, the court held that HNS was a state agency and because the uninsured motorist statute makes no mention of requiring the state of Connecticut to carry such coverage on its vehicles, HNS was immune from the action. Moore v. H.N.S. ManagementCo., supra, Superior Court, Docket No. 360326. The issue of whether HNS was owned by or an agency of the state was never placed in issue and the court did not consider the Duggan decision. See Id.; see alsoBlacknell-Manker v. H.N.S. Management Co., supra, Superior Court, Docket No. 550587. As a result, the court granted the motion for summary judgment. Id.
Unlike the defendants in Moore, the current parties do not maintain that HNS is owned by the state of Connecticut, just that the buses are CT Page 7629 owned by the state. This is a significant difference which undermines HNS's argument that Davenport must proceed with this action as if she were suing the state. See generally Duggan v. H.N.S. Management Co., supra, 34 Conn. App. 863. The state is not a named defendant, nor has either of the parties pleaded that the state is a party to an ownership or agency relationship with HNS. Therefore, the state's sovereign immunity and exceptions thereto are not implicated.
In the court's opinion, the facts alleged in the revised complaint, construed in the light most favorable to the plaintiff, sufficiently pleaded a cause of action for uninsured motorist benefits against HNS as the common carrier doing business as Connecticut Transit. Based on the foregoing, the motion to strike paragraph eleven of counts one and two of the plaintiff's revised complaint is denied.
BY THE COURT
Hon. Andre M. Kocay, J.