[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter comes before the Court as a Motion for Summary Judgment by the defendant on the basis that as a matter of law it is not liable for the injuries to the plaintiff because the fleet of buses it manages and operates is owned by the State of Connecticut. The parties have filed a stipulation of facts (Stipulation). CT Page 8237
FACTS
Pursuant to a contractual agreement, the defendant, H.N.S. Management (H.N.S.), a Connecticut corporation and wholly-owned subsidiary of Ryder/ATE Corporation, operated a fleet of buses for the State of Connecticut doing business as the Connecticut Transit Company. (Stipulation, ¶¶ 1, 2, 8.) On or about June 24, 1996, the plaintiff, Constance Gordon (Gordon), was injured when the Connecticut Transit bus in which she was riding pulled away from the curb and then came to a sudden stop because it was cufoff by an unidentified white automobile. (Stipulation, ¶¶ 13-17.)
Because the vehicle that cut the bus off could not be identified, on September 15, 1997, Gordon commenced this action by service of process against H.N.S. seeking to recover uninsured motorist benefits, pursuant to General Statutes § 38a-334 et seq., for the injuries she suffered.
On April 30, 1999, H.N.S. filed a motion for summary judgment alleging that it was not required to carry uninsured motorist coverage. That motion was denied on September 28, 1999. On April 24, 2000, H.N.S. filed an amended answer asserting the special defense of sovereign immunity. Subsequently, on March 2, 2000, H.N.S. filed the present motion for summary judgment alleging that the buses it operates are owned by the State of Connecticut, and, therefore, a claim against H.N.S. for uninsured motorist coverage is not a viable claim since it is barred by the doctrine of sovereign immunity.
STANDARD OF REVIEW
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A material fact is a fact that will make a difference in the result of the case." (Internal quotation marks omitted.) Lunn v. Cummings Lockwood,56 Conn. App. 363, 370, 743 A.2d 653 (2000), citing Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The facts at issue are those alleged in the pleadings." (Internal quotation marks omitted.) Id., citing Plouffe v. New York. New Haven Hartford R. Co.,160 Conn. 482, 489, 280 A.2d 359 (1971).
"In deciding a motion of summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable CT Page 8238 principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Witt v. St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753
(2000).
ISSUES
H.N.S. moves for summary judgment on the ground that there is no genuine issues of material fact, and it is entitled to judgment as a matter of law because the buses it operates are owned by the Sate of Connecticut, and, therefore, a claim against H.N.S. for uninsured motorist coverage is not a viable claim. H.N.S. argues that it "does not own but merely operates and manages fleet operations with a fleet of buses owned [by] the State of Connecticut Department of Transportation." Defendant's Brief, pp. 2-3. Therefore, H.N.S. argues "while the state has contracted with a common carrier to operator (sic) its bus system, the state has not become obligated to provide uninsured/underinsured motorist coverage to passengers on its buses." Id., 5.
Gordon argues that H.N.S. is not an arm or agent of the State with a minor role in the bus operations. Rather, Gordon argues, H.N.S. is a publicly held, for-profit, corporation "engaged in the business of operating and managing a fleet of buses. . . ." Plaintiffs Brief, p. 3. Gordon also argues that the contract between the state and H.N.S. specifically provides that H.N.S. "expressly waive the defense of governmental immunity in the adjustment of claims or in any suit. . . ." Id.
The only Appellate Court case that touches on this issue is Duggins v.H.N.S. Management Co., 34 Conn. App. 863, 644 A.2d 376 (1994). InDuggins the trial court had reserved to the Appellate Court the following question: "Whether a common carrier owned by the State of Connecticut is obligated to provide uninsured or underinsured motorist benefits pursuant to General Statutes § 38a-336 et seq. . . . for the benefit of its passengers." Id., 864. The Appellate Court declined to answer stating that "The stipulation of facts does not provide an adequate basis for us to conclude that an answer to the question reserved would enter into the decision of the case" Id., 866. However, the court also said that, "[a] fair reading of the stipulation indicates that, in this case, the state does not own the common carrier but has merely contracted with the common carrier, H.N.S. Management Company, Inc., a private corporation doing business as Connecticut Transit, to provide bus transportation to the public. While the State of Connecticut owns the buses, it does not own the common carrier." Id., 866. CT Page 8239
It should be also noted that in a December 28, 1995, memorandum on the subject of privatization prepared for the General Assembly by James J. Fazzalaro, principal analyst for the Connecticut office of legislative research, Document No. 95-R-1026, it was reported that "[t]he DOT currently provides over $56 million in subsidies to bus transit operations in Connecticut, with two-thirds of it going to the Connecticut Transit operations. . . . Although the state owns the physical assets of Connecticut Transit, the operations are fundamentally already in private hands. The state has hired a private transportation management company to run the transit operations and all Connecticut Transit drivers and other personnel are employed by the management company and are not state employees."
In the present case, H.N.S. argues that it is entitled to summary judgment because the state owns the buses and it merely manages the fleet. However, the Connecticut Office of Legislative Research and the Appellate Court in Duggins v. H.N.S. Management Co., supra,34 Conn. App. 866, state that H.N.S. is not owned by the State but, rather, is the common carrier with which the state contracts. This present action was filed against H.N.S. as the carrier, not against the state as the owner of the buses.
This Court is not persuaded that H.N.S. is an agent of the State and therefore covered by the State's sovereign immunity as a matter of law. At the very least, whether H.N.S. is an agent of the state and therefore covered by the State's sovereign immunity presents a factual issue not appropriately decided in a motion for summary judgment. Accordingly, the defendant's Motion for Summary Judgment dated May 2, 2000 is denied.
RITTENBAND, JUDGE TRIAL REFEREE.