[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John T. Onuska, Jr., appeals from a final decision by the defendant, Department of Social Services ("Department"), dated July 15, 999, denying his father, John Onuska, Sr., eligibility for medicaid benefits for four months, April through July 1998, because Mr. Onuska, Sr.'s assets exceeded the eligibility asset limit.[1]
The record establishes the following relevant facts. On April 20, 1998, the plaintiff's father applied for long term care facility medicaid benefits with the Department (Return of Record ("ROR"), Volume I, Decision, p. 2, ¶ 1.) The plaintiff's father was represented by Attorney David Gallo at the time of the application and at the fair hearing. (ROR, Volume II, Transcript, p. 2.) A cover letter attached to all medicaid applications specifically states that applications will be denied if assets are not reduced below $1600 for single persons applying for aid to the aged, blind and disabled. (ROR, Volume I, Department's Exhibit 4, p. 31.) Attorney Gallo admitted at the hearing in this matter that he was aware of the $1600 asset limitation. (ROR, Volume I, Transcript, p. 13.)
On October 5, 1998, the plaintiff's father was granted eligibility for medicaid benefits effective August 1, 1998. (ROR, Volume I, Department's Exhibit 6, p. 42.) The plaintiff's father, however, was found ineligible for medicaid from April 1998 through July 1998 because he was over the $1600 asset limit and due to improper transfer of assets. (ROR, Volume I, Hearing Summary, p. 8; Department's Exhibit 6, p. 44.) The plaintiff's father died on November 30, 1998. (ROR, Volume I, Respondent's Exhibit E, p. 79.) On January 29, 1999, the plaintiff requested, on behalf of his deceased father, a fair hearing regarding the Department determination on the sole issue of improper transfer of assets.[2] (ROR, Volume I, Department's Exhibit 8, p. 50.) Subsequently, the Department determined that the transfer of assets did not affect the plaintiffs' father's eligibility for the four months. (ROR, Volume I, Hearing Summary, p. 9.) The request for the hearing was then withdrawn.
On April 23, 1999, the plaintiff and Attorney Gallo were informed by the Department by letter that the plaintiff's father remained ineligible for the months of April through July 1998, because he had had excess assets during that period. (ROR, Volume I, Decision p. 2, ¶¶ 2-5; Volume I, Respondent's Exhibits A and B, pp. 65-71.) The plaintiff, on CT Page 16061 behalf of his father, again requested a fair hearing from this denial, claiming that the asset limit should be waived for equitable reasons. (ROR, Volume I, Hearing Officer, Item I, pp. 81-83.)
A fair hearing was held on June 25, 1999 and on July 15, 1999, the hearing officer affirmed the decision of the Department. (ROR, Volume I, Decision, pp. 1-5.) The basis of the decision was as follows: "I recognize that the excess is relatively small and also recognize that the [plaintiff's father] had debts that far exceed the excess for each of these months. The regulations, though, give the specific $1,600.00 asset limit; there is no provision for eligibility for assistance if the assets exceed that limit." (ROR, Volume I, Decision, p. 4.) From this decision, the plaintiff has appealed under General Statutes § 4-183, the Uniform Administrative Procedure Act.
In its brief, the Department raises two jurisdictional issues. First, the Department argues that the plaintiff is not the proper party to bring the present appeal on behalf of his deceased father and second, that the plaintiff is not personally aggrieved by the agency's final decision.
Because the Department has raised the issue of aggrievement, the court must decide this issue prior to ruling on the merits of the plaintiff's appeal. Sadloski v. Manchester, 228 Conn. 79, 84 (1993); Cannata v.Department of Environmental Protection, 239 Conn. 124, 144 n. 17 (1996).
Subsection (a) of General Statutes § 4-183 provides the right to an administrative appeal to "a person who . . . is aggrieved by a final decision. . . ." (Emphasis added.) "It is well established that the right to appeal an administrative action is created only by statute and a party must exercise that right in accordance with the statute in order for the court to have jurisdiction. . . ." (Citation omitted.) New EnglandRehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 120
(1993). "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom of Information Commission, 221 Conn. 482,489-90 (1992).
"Accordingly, in order to have standing to bring an administrative appeal, a person or entity must be aggrieved. . . . Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact. . . . Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal. . . . In the absence of aggrievement, an administrative appeal must be dismissed for lack of CT Page 16062 subject matter jurisdiction. . . . (Citations omitted; internal quotation marks omitted.) New England Rehabilitation Hospital of Hartford, Inc. v.CHHC, supra, 226 Conn. 120.
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination. First, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Assn., Inc. v. Department ofPublic Utility Control, 247 Conn. 95, 103 (1998).
The plaintiff has failed to plead and prove aggrievement as required by General Statutes § 4-183. First, the plaintiff has not alleged in his pleadings how he is aggrieved. His revised complaint lacks any allegation, or any facts to support an allegation, as to his specific, personal and legal interest in the subject matter of the Department's decision or how his specific personal legal interest has been specially and injuriously affected by the Department's decision. Beckish v.Manafort, 175 Conn. 415, 419-20 (1978).
Furthermore, General Statutes § 52-599 requires the plaintiff to have assumed the position of executor or administrator in order to have standing to bring an administrative appeal on behalf of his deceased father. Commission on Human Rights and Opportunities v. GreenwichCatholic Elementary School System, Inc., 202 Conn. 609 (1987); Bishop v.Thomas, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549395 (October 23, 1997, McWeeny, J.); Haylett v.Commission on Human Rights and Opportunities, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 316872 (August 8, 1990, O'Connor, J.).
In this case, the record is silent as to the plaintiff's status. InBuono v. Department of Income Maintenance, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 124113 (January 26, 1993, Ryan, J.), the court found that a conservator lacked standing to bring an appeal on behalf of the deceased plaintiff. In Buono, the plaintiff's request for Title XIX funds was denied by the Department. A conservator was appointed on behalf of the plaintiff, who had been declared incompetent to handle his own affairs. At the fair hearing, the CT Page 16063 conservator informed the hearing officer that he was no longer the plaintiff's conservator since the plaintiff had died the previous day. Nevertheless, the hearing officer allowed the conservator to represent the plaintiff at the fair hearing and notified the conservator of his decision upholding the denial of medical benefits. Since no person had been appointed as executor or administrator of the plaintiff's estate within the forty-five day appeal period for filing an administrative appeal, the conservator filed an appeal to Superior Court on behalf of the decedent. The trial court dismissed the action, finding as follows:
 It is the opinion of the court that since no common law right exists to keep a cause of action alive beyond one's death, an attempt to do so must satisfy the right granted by the legislature. It is found that because [the applicant] is deceased, the action before the court today necessarily relies on 52-599 and that according to its express terms, only an executor or administrator may act pursuant to Connecticut's survival statute. Thus, [the former conservator] had no standing to bring the appeal of April 22, 1992. The fact that they may have had a fiduciary duty to [the applicant's] estate is not sufficient to confer standing upon him under the statute. Further, the claim that DIM should be estopped from asserting [the former conservator's] lack of standing is without merit since the hearing officer's actions could not confer standing on [the former conservator].[3]
Standing is not something that can be conferred by the parties; it goes to the court's subject matter jurisdiction. . . . Standing to bring an action under 52-599 must be strictly construed.
(Citation omitted.) Buono v. Department of Income Maintenance, supra, Superior Court, Docket No. 124113.
In the present case, the administrative record does not support the plaintiff's contention that he is the executor of his father's estate. The plaintiff has presented no documentation in response to the Department's challenge of his status as executor. The burden is on the plaintiff to establish a factual basis to support a finding of aggrievement. UnitedCable Television Services Corp. v. Department of Public Utility Control,235 Conn. 334, 343 (1995). The plaintiff has not met that burden.
Finally, the plaintiff cannot demonstrate that he has satisfied the injury prong of the aggrievement analysis. In his brief, the plaintiff declares that "I personally have no vested financial interest in the CT Page 16064 outcome of this appeal. As a sibling [sic], not a spouse, I am not responsible for the debts of my deceased father. . . . I am pursuing this appeal then, not because I am aiming to protect my own personal fiscal assets, but because I want the nursing home to be reimbursed. . . ." (Brief for the Appellant, p. 2.) In his reply brief at 6, the plaintiff explains that his motive is to insure that the nursing home is properly paid, as his father would have wanted. This is not sufficient injury to prove aggrievement. Old Rock Road Corporation v. Commission on SpecialRevenue, 173 Conn. 384, 388 (1977) ("a mere grievance to one's feelings of propriety or sense of justice is not such a grievance as to give a right of appeal"); Hartford Kosher Caterers, Inc. v. Gazda, 165 Conn. 478,485 (1973) (standing focuses on the nature of party seeking appeal, not on issues raised); Graham v. Graham, 2 Conn. App. 251, cert. denied,194 Conn. 805 (1984) (speculation regarding son's liability not enough to establish aggrievement).
Even if the court were to reach the merits in this case, it is clear that the plaintiff's major points are that procedural errors were made by the Department. He claims that the Department's social worker assigned to his father's case mishandled the file from the outset; that the hearing officer cut short his presentation and had ex parte contact with the social worker; and that his request for reconsideration was given inadequate review.
On review of the record, the court finds that the plaintiff was given every opportunity to raise the issue of the case worker's alleged incompetence in the hearing. (ROR, Volume II, Transcript, p. 1.) The effect of such evidence was within the discretion of the hearing officer to decide. The hearing officer did not give a lengthy time for consideration of the Department's case summary, but there was no duty on the hearing officer to allow further study of the Department's case summary, especially where no continuance was sought. The hearing officer did not discuss the case with the case worker beyond learning of her availability to attend the hearing. (See Brief for Appellant, p. 25.) This limited contact with the Department by the hearing officer was for scheduling purposes only. The hearing officer had no duty to inform the plaintiff of any rights to inspect the materials in the Department's files. Finally, the agency employee reviewing the plaintiff's request for reconsideration did not have to answer the plaintiff's points to any particular extent.
The cases interpreting General Statutes § 4-183(j)(3), the provision allowing the court to remedy procedural errors in the agency, demand that "material prejudice" be shown by the plaintiff Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991); Goldberg v.Insurance Department, 207 Conn. 77, 82-83 (1988). As discussed, there has CT Page 16065 been no showing of such prejudice here.
The court cannot substitute its judgment for that of the agency.[4]Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 538
(1987). Therefore the appeal is dismissed.
Henry S. Cohn, Judge