[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (#111)
This is an action for intentional and negligent infliction of emotional distress. There are five plaintiffs: Mary DeVita individually, Mary DeVita as Executrix of her father Frederick DeVita's estate, Mary DeVita as Administratix of her mother Eve DeVita's estate, Karen Connolly and Joan Borrelli. The Second Amended Complaint is styled in twelve counts. In counts one through five, each plaintiff alleges intentional infliction of emotional distress. Counts six through ten have been deleted. In counts eleven and twelve each estate alleges a claim for negligent infliction of emotional distress. All counts in the complaint are directed at a single defendant, Teresa Sirico ("Sirico"). Sirico has moved to strike all outstanding counts of the complaint on two grounds. First, she asserts that the causes of action brought by the Estate of Frederic DeVita and the Estate of Eve DeVita did not survive the decedents' deaths and are not saved by the application of General Statutes § 52-599. Second, Sirico claims that, as a matter of law, the plaintiffs' allegations are not sufficiently extreme and outrageous to state a cause of action for intentional or negligent infliction of emotional distress. For the reasons set forth below, the motion to strike is denied.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof. "Practice Book § 10-39; Gulack v. Gulack, 30 Conn. App. 305, 309 (1993). For purposes of a motion to strike, the moving party admits all facts well pleaded. R K Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2 (1994). The moving party, however does not admit legal conclusions or opinions unsupported by the facts alleged. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992). In considering a motion to strike the court must construe the facts in the complaint most favorably to the plaintiff. Faulkner v. United Technologies Corp.,240 Conn. 576, 580 (1997).
 SURVIVAL OF ACTION
"A cause of or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the estate CT Page 2143 or administrator of the deceased person." General Statutes § 52-599
(a). This statute does not apply, however, "to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants." § 52-599
(c)(2). Sirico claims that the cause of action for intentional or negligent infliction of emotional distress depends upon the "continued existence" of Frederick DeVita and Eve DeVita in order to be prosecuted.
"At common law all causes of action by or against a person terminated and abated upon such person's death. Survival of causes of action arise only through the medium of so-called `survival statutes'" Hayes v.Smith, 194 Conn. 52, 61 (1984).[1] While the reach of survival of actions statutes in other states vary, § 52-599 has been noted to have a "broad sweep." CHRO v. Greenwich Catholic Elementary SchoolSystem, Inc., 202 Conn. 609, 614 (1987). Our Supreme Court has observed "the claim of a decedent for injuries not involving his death survives his demise by virtue of our survival-of-action statute, General Statutes § 52-599." Ladd v. Douglas Trucking Co., 203 Conn. 187, 189 (1987).
As noted above, Sirico asserts that this case falls within the exception to § 52-599 (a) for civil actions whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants. § 52-599 (c)(2). This provision has been applied to defeat actions such as paternity where by statute the continued existence of the putative father or child is required. See Hayes v.Smith, 194 Conn. 52, 63-64 (1984); Ganim v. Roberts, 204 Conn. 760, 765
(1987). Sirico's claim that the continued existence of Frederick DeVita and Eve DeVita is necessary to establish the element of severe distress, as required by the cause of action for intentional infliction of emotional distress, is not persuasive. This is an issue of proof that is separate from the question of whether the cause of action survives their deaths.
The motion to strike the counts of the complaint brought by the estates of Frederick DeVita and Eve DeVita is denied because the court finds that, pursuant to § 52-599, the causes of action survived their deaths.
 INFLICTION OF EMOTIONAL DISTRESS
Sirico's second claim is that the allegations in the complaint do not reach the level of extreme and outrageous conduct required to establish a cause of action for intentional infliction of emotional distress. SeeDeLaurentis v. New Haven, 220 Conn. 266-67 (1991). Construed most favorably to the plaintiffs, the complaint is adequate. Among, the CT Page 2144 allegations in the complaint are that (1) Sirico falsely told officials at the Hospital of Saint Raphael that she was Frederick DeVita's conservator and shut off all information about his medical condition to his daughters the plaintiffs; (2) Sirico falsely represented herself as Frederick DeVita's conservator to the Humane Society and attempted to have the family dog destroyed and later forced the dog to be removed from the house; (3) Sirico intentionally attempted to prevent payment for cancer medicine needed by Eve DeVita; (4) Sirico falsely told Frederick DeVita that his daughter, Karen Connolly, had poisoned him.
Whether the above allegations, and the many others alleged in the complaint, can be proven is another matter. But, for purposes of a motion to strike, they are adequately extreme and outrageous to plead a cause of action for intentional infliction of emotional distress. The motion to strike on this ground must therefore be denied.
 CONCLUSION
For the reasons set forth above, the motion to strike is denied.
So Ordered at New Haven, Connecticut this 7th day of February, 2001.
Devlin, J.