[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#113)
The defendant moves to strike counts two, three and four along with the corresponding prayers for relief in the plaintiffs revised complaint for failure to plead necessary facts to support the causes of action for common law or statutory recklessness; because an action for recklessness cannot survive the death of a tortfeasor; or because an employer cannot be held vicariously liable for the alleged reckless conduct of its employee in operating a motor vehicle.
The plaintiff, Maryellen E. Welcome, filed a five count revised complaint on February 25, 2002, against the defendants, Karen Ouellette-McGregor,[1] administratrix of the estate of Bruce L. Ouellette, and Farmington Motor Sports. This action arises out of injuries, damages and losses allegedly sustained by the plaintiff on July 1, 2000, when the motor vehicle she was operating was struck from the rear by a motor vehicle owned by Farmington Motor Sports and operated by Ouellette.
The first count alleges Ouellette operated a vehicle owned by Farmington Motor Sports as its agent, servant or employee within the meaning of General Statutes § 52-183 in a negligent manner and, inter alia, in violation of General Statutes §§ 14-218a, 14-219, and 14-240. The second count alleges that Ouellette, as the agent, servant or employee of Farmington Motor Sports, operated the vehicle recklessly under the common law and, inter alia, in violation of General Statutes §§ 14-218a, 14-219, 14-222 and 14-240. In the third and fourth counts, the plaintiff alleges claims of statutory recklessness pursuant to General Statutes § 14-295 against Ouellette and Farmington Motor Sports, respectively. The fifth count alleges that Farmington Motor Sports negligently entrusted the vehicle to Ouellette. The plaintiff seeks damages, including double or treble damages pursuant to General Statutes § 14-295 as to counts three and four, and punitive damages as to CT Page 14813 counts two, three and four.
On April 4, 2002, the defendants filed the present motion to strike the second, third and fourth counts and corresponding prayers for relief along with a supporting memorandum. Specifically, the defendants assert that: Recklessness claims cannot survive Ouellette's death; the plaintiff has failed to plead sufficient facts to support claims for either common law or statutory recklessness; and that neither § 52-183 or §14-295 authorizes an award of multiple damages against an employer/owner for the reckless conduct of an employee operating a motor vehicle.
The plaintiff filed an objection to the motion to strike along with supporting memorandum on July 9, 2002. The plaintiff maintains that her recklessness claims are not barred by General Statutes § 52-599 and that she has adequately pleaded her causes of action. The defendants then filed a reply to the plaintiffs' objection on July 29, 2002. Oral arguments were heard on August 22, 2002.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). A court in reviewing a motion to strike must "construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. MicrosoftCorp., 260 Conn. 59, 65, 793 A.2d 1048 (2002). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
The defendants move to strike the second, third and fourth counts of the revised complaint on the grounds that the plaintiffs common law and statutory § 14-295 recklessness claims against the defendants cannot survive Ouellette's death under § 52-599.[2] In her memorandum in opposition, the plaintiff argues that under § 52-599 "survival of the action is the rule and not the exception. "
"Although at common law the death of a sole plaintiff or defendant abated an action . . . by virtue of § 52-599, Connecticut's right of survival statute, a cause of action can survive if a representative of CT Page 14814 the decedent's estate is substituted for the decedent." (Citations omitted.) Burton v. Browd, 258 Conn. 566, 570-71, 783 A.2d 457 (2001). "The only exceptions to the broad sweep of this provision are those set forth in § 52-599 (c): (1) . . . any cause or right of action or . . . any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) . . . any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants. . . ." (Internal quotation marks omitted.) CHRO v. GreenwichCatholic Elementary School System, Inc., 202 Conn. 609, 614, 522 A.2d 785
(1987).
The defendants assert that this case falls within the exception to § 52-599 (a) found in § 52-599 (c)(1) and (2). Specifically, the defendants argue that Ouellette's continued existence is necessary to invoke the purpose of punitive damages to punish and deter and that without his presence neither party can offer evidence to establish or refute whether Ouellette had the state of mind required to establish a claim of recklessness. These arguments are not persuasive as they pertain to issues of proof that are separate from the question of whether a cause of action survives a tortfeasor's death. Moreover, the proceedings do not require Ouellette's continued existence.
"Although General Statutes § 52-599 (c) may act as a bar, the courts have construed this exception narrowly. See CHRO v. GreenwichCatholic Elem. School System, 202 Conn. 609, 614, 522 A.2d 785 (1987) (holding that the death of a complainant does not defeat her claim for monetary relief resulting from the termination of her employment because of the admissibility of decedent's declarations under General Statutes § 52-172 and other evidence available through investigation); Lachv. Welch, Superior Court, judicial district of Litchfield, Docket No. 0063955 (June 13, 1995, Draginis, J.) (9 C.S.C.R. 701) (holding that the fair prosecution of paternity action against administrator does not necessarily depend on the continued existence of putative father because of availability of scientific techniques to determine paternity); Hornackv. Koehler, Superior Court, judicial district of Litchfield, Docket No. 061563 (May 11, 1995, Pickett, J.) (14 Conn.L.Rptr. 299) (holding that action seeking damages for emotional distress survives the death of defendant because burden of proving elements of the tort rests with the plaintiff). In upholding the survival of these actions, the courts considered the availability of evidence other than the testimony of the deceased and the fact that the burden of proof rests with the plaintiff."Moen v. Baransky, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. CV 96 0054578 (October 10, 1996, Skolnick, J.) (20 Conn.L.Rptr. 501, 502-03). CT Page 14815
The defendant argues that Ouellette's testimony is necessary to determine his state of mind at the time of the accident. "The state of mind of recklessness may [however] be inferred from conduct." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988). In addition, it is noted that, in the present case, the plaintiff is the party that has the burden of demonstrating Ouellette's state of the mind at the time of the accident. At trial, the defendants will have the opportunity to refute the plaintiffs evidence. This court does not believe that the defendants' ability to offer a defense to the present action will be impaired by Ouellette's death to the extent that the plaintiffs action should be stricken. Therefore, the motion to strike counts two, three and four on the basis that the claims for recklessness stated therein cannot survive the death of Ouellette is denied.
The defendants also move to strike count two on the ground that the plaintiff has failed to plead sufficient facts to support a common law recklessness claim distinct from the negligence claim. In opposition, the plaintiff asserts that she has alleged facts sufficient to support a claim for recklessness.
Under common law, reckless conduct "is more than negligence, more than gross negligence. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181,749 A.2d 1147 (2000). "While [the courts] have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. "Craig v. Driscoll,64 Conn. App. 699, 720-21, 781 A.2d 440, cert. granted on other grounds, 258 Conn. 931, 785 A.2d 228 (2001). "There is a substantial difference between negligence and wilful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that such conduct is being asserted." Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129,138, 479 A.2d 231 (1984). "To raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendants." Id., 139. CT Page 14816
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford,12 Conn. App. 106, 110, 529 A.2d 743 (1987). "Some additional factual allegations are necessary to alter the nature of conduct complained of from an action for negligence to an action for wilful and wanton conduct. . . . If the plaintiff merely reiterates the facts from the negligence count and inserts the word reckless, a motion to strike is properly granted. . . . If, however, the factual allegations in the negligence count are detailed and specific enough to support a claim of recklessness, the motion to strike may be denied." (Citations omitted; internal quotation marks omitted.) Walters v. Tanner, Superior Court, judicial district of New London, Docket No. CV 549835 (November 15, 1999, Martin, J.).
In the present case, in count two, the plaintiff specifically alleges that the automobile collision together with the injuries and losses she sustained were caused by the reckless misconduct of Ouellette in the operation and control of his vehicle; that Ouellette was reckless when he took his eyes off the road and bent over to pick up a cigarette off the floor of his vehicle; and that he operated his vehicle recklessly in violation of General Statutes §§ 14-218a, 14-219, 14-222, and14-240. Thus, the plaintiff has alleged additional facts that are distinct from those that support her negligence claim and that show specifically how the defendant was reckless. The plaintiff has therefore alleged facts demonstrating that the defendant did "something more than [fail] to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Internal quotation marks omitted.) Shay v. Rossi, supra, 253 Conn. 181. Accordingly, the court denies the defendants' motion to strike the second count of the revised complaint.
In count four, the plaintiff seeks statutory and punitive damages from Farmington Motor Sports as Ouellette's employer. The defendants move to strike count four on the ground that an employer cannot be held vicariously liable for multiple damages based on the conduct of an employee under Connecticut common law or pursuant to § 14-295. The plaintiff counters that the common law has been abrogated by General Statutes § 52-183 and that the combined effect of § 52-183 and § 14-295 is to allow her to seek punitive, double or treble damages from Farmington Motor Sports because she has alleged that Ouellette was reckless in a motor vehicle owned by Farmington Motor Sports as its agent, servant, and or employee within the meaning of § 52-183.
General Statutes § 52-183 provides: "In any civil action brought CT Page 14817 against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption. "
There is a split of opinion in the Superior Court as to whether a plaintiff can recover multiple damages from a defendant owner of a motor vehicle who the plaintiff claims is vicariously liable for the reckless conduct of the operator pursuant to § 14-295 and § 52-183. "The courts that have held that § 52-183 permits the imposition of such damages have determined either that the owner is liable for the reckless operation of the vehicle by its operator, or that the court's interpretation of the liability of lessors [for punitive damages] under General Statutes § 15-154a in Gionfriddo v. Avis Rent A Car System,Inc., [192 Conn. 280, 288-89, 472 A.2d 306 (1984)] is analogous to situations involving the liability of owners of motor vehicles. SeeBonitto v. Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997, Karazin, J.) (20 Conn.L.Rptr. 202, 203). . . . These courts have reasoned that the inclusion of the word reckless in § 52-183 expresses the legislature's intent to permit the award of these damages. . . ." (Citations omitted; internal quotation marks omitted.) Alves v.Brown, Superior Court of Fairfield at Bridgeport, Docket No. CV 01 383322 (February 21, 2002, Rush, J.) (31 Conn.L.Rptr. 427, 428).
"In the second line of cases, when such claims have not been permitted, the courts have distinguished Gionfriddo in that the language in § 14-154a specifically imposes liability on the lessor to the same extent as the operator, while §§ 14-295 and 52-183 do not contain such language. See, e.g. Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.T.R.). . . . These courts have reasoned that the legislature has not expressly abrogated the common law rule against imposing vicarious liability for punitive damages. Silva v. Arroyo, judicial district of New London at New London, Docket No. 537532 (June 26, 1996, Austin, J.) (17 Conn.L.Rptr. 306, 308)." (Citations omitted; internal quotation marks omitted.) Alves v. Brown, supra, 31 Conn.L.Rptr. 428.
Moreover, "[t]he language in General Statutes Section 52-183 clearly establishes an agency relationship between the owner and operator of a motor vehicle for the purposes of recovering damages in a civil action brought for negligent or reckless operation of a motor vehicle. Section14-295 clearly provides for multiple damages for violations of certain CT Page 14818 motor vehicle statutes. It is neither necessary nor warranted for this court to attempt to read beyond the plain language of the statutes." (Emphasis in original) Bostick v. Dvornek, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0383575 (December 13, 2001, Gallagher, J.). This court finds that the reasoning in the cases that permit the imposition of multiple damages in this circumstance is more persuasive. For this reason, the court denies the defendants' motion to strike count four on this ground.
In the third and fourth counts, the plaintiff seeks statutory double or treble damages from the estate of Ouellette and Farmington Motor Sports, respectively, pursuant to General Statutes § 14-295.[3] The defendants argue that these counts are legally insufficient because the plaintiff has not pleaded sufficient facts to support statutory causes of action for recklessness. The plaintiff counters that she has adequately pleaded causes of action for recklessness against the defendants pursuant to General Statutes § 14-295.
General Statutes § 14-295 provides in relevant part: "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218 (a),14-219, [or] 14-222 . . . and that such violation was a substantial factor in causing such injury. . . .[4] Again, there is a split in the Superior Court on the question of what a plaintiff needs to plead in order to establish a cause of action pursuant to General Statutes §14-295. Neither the Supreme or the Appellate Court has spoken to this issue.
The first line of cases in the Superior Court "interprets § 14-295
to require that a plaintiff must, in addition to pleading a statutory violation of § 14-295, also plead specific facts to support a common law cause of action for recklessness. See e.g., Chatterton v. InfinityIns. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold J.) and cases cited therein. In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon. Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J)." (Internal quotation marks omitted.) Alves v. Brown, supra, 31 Conn.L.Rptr. 427-28.
"In the second line of cases, the court, employing the principles of statutory construction, reads the language of § 14-295 literally and CT Page 14819 only requires that a plaintiff allege that the defendant violated one or more of the enumerated statutes deliberately or with reckless disregard, and that the violation was a substantial factor in causing the plaintiffs injuries. See e.g. Walters v. Tanner, supra, Superior Court, Docket No. 549835 and cases cited therein. "Alves v. Brown, supra,31 Conn.L.Rptr. 428.
This court finds more persuasive that line of cases requiring the plaintiff to plead specific facts to support a claim of recklessness. In the present case, in counts three and four, the plaintiff simply alleges that Ouellette deliberately or with reckless disregard operated his motor vehicle recklessly in violation of §§ 14-222, 14-218a and/or 14-219
and that his conduct was a substantial factor in causing the injuries and losses sustained by the plaintiff. She does not, explicitly allege the specific conduct on which she is relying. As noted above, in count two, the plaintiff alleges that Ouellette was reckless when, while operating his vehicle, he took his eyes off the road and bent down to pick up a cigarette off the floor. She does not, however, incorporate this allegation into counts three or four. Accordingly, the defendants' motion to strike counts three and four are granted on this basis.
 CONCLUSION
For the foregoing reasons the court denies the defendants' motion to strike as to count two, and grants the motion to strike counts three and four, as well as the corresponding prayers for relief.
 ___________________ Hennessey, J.